[Civ. No. 8346. First Appellate District, Division One.—June 17, 1933.]

LEONCIO GIMINEZ, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, NATIONAL CARBON COMPANY et al., Respondents.

Joseph E. Isaacs and William Sea, Jr., for Petitioner.

A. I. Townsend and H. G. Sanford for Respondents.

KNIGHT, J.—During the course of his employment as laborer in the manufacturing plant of the National Carbon Company extending over a period of two years or more, petitioner contracted a disease of the lungs and other internal organs from constantly inhaling and absorbing carbon dust, salamoniac acid fumes, graphite and manganese; and eventually he was incapacitated thereby from performing any kind of work. He applied to the Industrial Accident Commission for compensation, but his claim was rejected upon the ground that it was not filed within six months from "the date of the injury", and consequently was barred by the statute of limitations. (Sec. 11 [b] [1], Workmen's Compensation Act.) He then applied to this court for and obtained a writ of *certiorari* for the purpose of having the decision of said Commission reviewed and annulled.

About the time of the issuance of the writ there was brought before this court also three other cases involving the same type of disease, originating under similar circumstances, and presenting the same legal problem as to when the statute starts to run; and on account of the then unsettled state of the law upon the subject in this state, the controversy finally reached and was decided by the Supreme Court. (*Marsh* v. *Industrial Acc. Com.*, 217 Cal. 338 [18 Pac. (2d) 933].) As pointed out by the decision therein, the peculiar disease with which some employees working in manufacturing plants of this kind become gradually afflicted is of a latent and progressive type, and its insidious symptoms make it impossible for medical science to detect its presence until the accumulated effects of the exposure to the dust and fume-laden atmosphere develop into definite form, which may take several months or several years; and during its progress the temporary illness from which the employee may occasionally suffer is usually attributed to natural causes foreign to the employment. In view of these unusual and peculiar circumstances attending the development of the disease it was held that in cases of latent and progressive diseases such as pneumonoconiosis "the date of the injury" is not necessarily the last day the employee is exposed to the effects of the dust-laden atmosphere, and that consequently the prescriptive period for filing applica-

tion for compensation does not always begin to run from that date; but that rather "the date of the injury" shall be deemed to be "the time when the accumulated effects culminate in a disability traceable to the latent disease as the primary cause, and by the exercise of reasonable care and diligence it is discoverable and apparent that a compensable injury was sustained in performance of the duties of the employment". ▮ From the beginning respondents herein conceded that if in that proceeding such were declared to be the rule by which cases of this kind must be governed, petitioner's claim for compensation was not barred by the statute of limitations, because the evidence showed without dispute that although he was compelled to lay off work on account of sickness at intervals more than six months prior to the filing of his application, he was treated for ailments which his attending physicians believed originated from causes arising outside of his employment, and that the disease itself did not assume definite form and consequently its existence was not known to either petitioner or his physicians until within the six months' period immediately preceding the filing of his application. Under the rule established by the Marsh case, *supra,* therefore, and for the reasons set forth in the decision therein, petitioner's claim for compensation was not barred by the statute. The decision of the Commission is accordingly annulled and said application is remanded for further proceedings.

Tyler, P. J., and Cashin, J., concurred.