[Civ. No. 22225.    Second Dist., Div. Two.    Apr. 17, 1957.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MARGARET E. SEAGRAVE et al., Respondents.

Donald Gallagher and Loton Wells for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

RICHARDS, J. pro tem.*—This is a proceeding to review an award of workmen's compensation death benefit made by the respondent commission to an 18-year-old dependent minor son of a deceased employee.

William Seagrave was employed by the city of Long Beach, a contracting agency of the State Employees' Retirement System, as a school crossing guard and in such capacity was a member of the Police Department of Long Beach and a "local safety member" of the State Employees' Retirement

*Assigned by Chairman of Judicial Council.

System. The employee suffered a heart attack resulting in his death. After proceedings before it, the Industrial Accident Commission held that the heart attack and death were industrial and that the decedent had left surviving him his widow and 18-year-old son, who were both totally dependent on the deceased employee at the time of his injury and death. The commission awarded to the widow and son the maximum combined death benefit of $8,750 under the California Workmen's Compensation Law, the benefit to be divided equally between them. The commission also held that the widow should not be paid any part of the workmen's compensation death benefit in the event she should be entitled to a greater special death benefit under the State Employees' Retirement Law, but that in any event the son should be paid his one-half of the workmen's compensation death benefit regardless of whether the widow became entitled to any special death benefit under the State Employees' Retirement Law.

In a separate proceeding based on a petition filed by the State Employees' Retirement System under Government Code, section 21363, the commission held that the deceased employee was a "local safety member" of the State Employees' Retirement System at the time of his injury and death within the meaning of that section, and that his injury and death were industrial. It is conceded by the parties to this proceeding that under the foregoing section the widow will be paid a special death benefit in excess of the death benefit under the Workmen's Compensation Law.

The only point raised by the petition is that the award by the commission of one-half of the death benefit to the 18-year-old dependent minor son was erroneous and that in making said award the commission exceeded its jurisdiction. The power of the commission to make the award to the minor son hinges on the interpretation of Labor Code, section 4707.[1]

Petitioner contends that since there was a surviving widow and no surviving children under 18 years of age, the widow

---

[1] "No benefits, except reasonable expenses of burial, not exceeding four hundred dollars ($400) shall be awarded under this division on account of the death of an employee who is a member of the State Employees' Retirement System unless it shall be determined that a special death benefit, as defined in the State Employees' Retirement Law, will not be paid. by the State Employees' Retirement System to the widow or children under 18 years of age, of the deceased, on account of said death, but if the total death allowance paid to said widow and children shall be less than the benefit otherwise payable under this division such widow and children shall be entitled, under this division, to the difference." (Lab. Code, § 4707.)

will receive the entire special death benefit under the State Employees' Retirement System Act (Gov. Code, § 21364) and therefore under the clear and unambiguous language of Labor Code, section 4707, the commission was not authorized to make any workmen's compensation death benefit award, one-half of which the commission awarded to the dependent son under Labor Code, section 4707. The respondent commission, on the other hand, however, contends that since no special death benefit is payable to a child over 18 years of age under the State Employees' Retirement Law, Labor Code, section 4707, should not be construed as depriving dependent children over 18, or collateral dependents, of workmen's compensation death benefits merely because the surviving wife or children under 18 are otherwise provided for under the provisions of the State Employees' Retirement Law.

Labor Code, section 4707, clearly provides that there shall be no award under the Workmen's Compensation Law in the event a widow or minor children under 18 years of age will receive an award under the State Employees' Retirement System, which is equal or greater than the award under the compensation law. This section does not merely provide that there shall be no award to the widow but expressly proscribes any award under the Workmen's Compensation Law in the event of an equal or greater award under the Retirement System. The respondent commission in this matter has in effect made two awards; one award under the Workmen's Compensation Law and a second award under the Retirement System which is in direct contravention of the provisions of section 4707. The unambiguous provisions of that section preclude us from holding that the Legislature intended a dependent minor child over the age of 18 years to receive a death benefit award under the compensation law in the event an award is made to the widow under the Retirement System. If the purpose of the Legislature was in accordance with respondents' contention, it must be accomplished by an appropriate amendment to section 4707 and not by judicial legislation.

The award of respondent commission with respect to the death benefit awarded to the surviving minor son is annulled and vacated.

Moore, P. J., and Ashburn, J., concurred.