[L. A. No. 24439.   In Bank.   Aug. 6, 1957.]

L. B. PRICE MERCANTILE COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and ARTIE J. DAVIS, Respondents.

McCartney & Hall, Stephen J. Grogan and John L. Struett for Petitioners.

Everett A. Corten and Edward A. Sarkisian for Respondents.

SPENCE, J.—Petitioners seek the annulment of a death benefit award made by the respondent commission in favor of the widow of a deceased employee.

The commission found that the employee sustained injury arising out of and occurring in the course of his employment, resulting in his death on January 5, 1956, and that he left surviving his totally dependent widow who was entitled to the death benefit of $10,000.   It awarded that sum to the widow "payable at the rate of $40.00 per week."   Petitioners confine their attack to a challenge of the jurisdiction of the

commission to fix the weekly installment payments on the total death benefit at the sum specified.

The deceased employee earned less than the minimum average weekly earnings used for the computation of temporary disability payments (Lab. Code, § 4453). In the event that he had lived and had been entitled to temporary disability payments, he would have received no more than $15 per week (Lab. Code, § 4653). Petitioners therefore contend that under section 4702 of the Labor Code the commission had no jurisdiction to fix the weekly payments on the total death benefit at any sum greater than $15 per week. In our opinion this contention cannot be sustained.

Section 4702 of the Labor Code reads in part as follows: "Except as provided in the next paragraph, the death benefit in cases of total dependency, when added to all accrued disability indemnity, shall be the sum of ten thousand dollars ($10,000) except in the case of a surviving widow and one or more dependent minor children, in which case the death benefit shall be increased 25 percent, but not to exceed twelve thousand five hundred dollars ($12,500) and except as otherwise provided in Sections 4553 and 4554. In cases of partial dependency the death benefit shall be a sum equal to four times the amount annually devoted to the support of the dependents by the employee, not to exceed the sum of ten thousand dollars. ($10,000). *The death benefit in all cases shall be paid in installments in the same manner and amounts as temporary disability indemnity, payments to be made at least twice each calendar month, unless the commission otherwise orders.*" (Emphasis added.)

Petitioners' position rests upon their construction of the last sentence above quoted. They contend that the clause "unless the commission otherwise orders" modifies only the clause "payments to be made at least twice each calendar month." They therefore claim that the commission had no jurisdiction to fix the amount of the weekly installments at $40 per week. We cannot agree.

If the Legislature had intended that result, it would have written the phrase: "payments to be made at least twice each calendar month unless the commission otherwise orders." Having placed a comma after the word "month," the more reasonable construction is that the section gives the commission discretion to "otherwise" fix both the "manner and amounts" of such payments. The most that petitioners can claim is that the section is ambiguous. Under such circum-

stances, it is the duty of the commission and the courts to give the section a liberal construction. (Lab. Code, § 3202; *Smith* v. *Industrial Acc. Com.,* 44 Cal.2d 364 [282 P.2d 64].)

Furthermore, the construction which we have placed upon section 4702 finds abundant support in its legislative history. Its earliest forerunner, enacted in 1911, provided for a death benefit "equal to three times his [decedent's] annual average earnings, not less than $1,000 nor more than $5,000, the same to be *payable, unless and until the industrial accident board shall otherwise direct, in weekly installments corresponding in amount to the weekly earnings of the employee."* (Stats. 1911, p. 799; emphasis added.) It seems entirely clear that this earliest forerunner gave the board discretion to "otherwise direct" both as to the amounts and times of payments of such installments. We find nothing in any of the amendments to the death benefit provisions which leads to the conclusion that any change in meaning was intended in this regard. We are therefore of the opinion that the Legislature intended from the outset to give the commission discretion both with respect to the "manner and amounts" of the installment payments on total death benefits.

Petitioners rely strongly upon the words "in all cases" as used at the beginning of the sentence under consideration. It is obvious, however, that section 4702 deals with prescribing (1) the amount of total death benefits payable to total dependents or partial dependents and (2) the "manner" of making and the "amounts" of the installments payable on such total death benefits, whether payable to total dependents or partial dependents. Thus, the words "in all cases," when used in reference to the "manner and amounts" of the installment payments on the total death benefits, merely show that the sentence under consideration was intended to cover all cases, regardless of any variation in the total death benefit resulting from the status of the particular beneficiaries as total dependents or partial dependents. We cannot accord to these words any additional significance.

Nor is it persuasive that there is some similarity between certain wording in section 4702 and certain wording in section 4651. Temporary disability is not fixed in amount by section 4651, which subject is covered by sections 4453 and 4653 of the Labor Code. Section 4651 is a separate section dealing solely with the manner of making disability payments. Hence the fact that certain similar wording and punctuation is used in both sections 4651 and 4702 is not helpful in the

construction of section 4702, which section deals with both the ''manner and amounts'' of the installment payments on the total death benefit.

While the foregoing conclusion concerning the proper construction of section 4702 is sufficient to dispose of the controversy, it appears appropriate to refer to the desirability of the indicated construction. Conditions vary greatly among dependents, total or partial, in cases where death benefits are payable. For example, in cases involving totally dependent widows, the variable factors include age, physical condition, and earning capacity. Additionally, one totally dependent widow may be childless while another may have several totally dependent minor children. Thus it appears desirable to allow some leeway in fixing the amount of the installments payable on account of the total death benefit. But if petitioners' construction were adopted, the commission would have no discretion in any case to consider these variable factors and to make a reasonable adjustment of the amount of the installment payments according to the circumstances. Petitioners' construction therefore appears to be undesirable and, as heretofore indicated, it appears to be unwarranted, more particularly in the light of the statutory mandate for liberal construction. (Lab. Code, § 3202.)

The award is affirmed.

Gibson, C. J., Shenk, J., Carter, J., and Traynor, J., concurred.

McComb, J., dissented.