[S. F. No. 20728.   In Bank.   July 17, 1961.]

PACIFIC GAS AND ELECTRIC COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, SALLY MARY DREW et al., Respondents.

Richard H. Peterson, Raymond W. White, Hogen J. Kallemeyn and Bruce P. Sadler for Petitioner.

Everett A. Corten, Emily B. Johnson, Neyhart & Grodin and Richard R. Heath for Respondents.

DOOLING, J.—Petitioner seeks review and the annulment of an award and decision made by the Industrial Accident Commission. The award gave a full death benefit to the deceased's widow and minor children. The award was based on a finding that the employee's death was the result of the industrial injury "combined with a non-industrial cancer."

Prior to October 1957 deceased was suffering from a non-industrial kidney carcinoma. In October 1957 he fell while

at work, injuring his back, but he continued to work and did not seek medical care until some time later when he began to suffer back pains. X-rays taken on February 23, 1958, revealed a fracture of the seventh dorsal vertebra of his thoracic spine. His condition deteriorated so that he became a paraplegic in April 1958 and he died in January 1959. The medical testimony indicates that while the industrial injury brought about the death sooner than it would otherwise have occurred, and was thus one of the proximate causes of death, if there had been no injury the carcinoma would of itself probably have resulted in the employee's death within a year after its actual occurrence.

Petitioner does not question the finding that the industrial injury was a proximate cause of the death or that the dependents were for that reason entitled to an award of death benefits. Its sole argument is directed to the claim that where an industrial injury combined with a preexisting disease to cause the death of an employee, the death benefits must be apportioned by the commission in the proportion that each factor contributes to bring the death about.

Petitioner relies on section 4663 of the Labor Code, which provides: ''In case of aggravation of any disease existing prior to a compensable injury, compensation shall be allowed only for the proportion of the disability due to the aggravation of such prior disease which is reasonably attributed to the injury.'' An examination of the relevant provisions of the Labor Code makes it perfectly clear, however, that section 4663 deals only with the apportionment of compensation to the injured employee for disability suffered by him, and has no reference to the benefits to be paid to an employee's dependents where his death is industrially caused. Section 4663 is a part of article 3, part 2, division 4, of the Labor Code, the sections of which deal exclusively with the compensation to be paid *to injured employees* for industrially caused disability, i.e., incapacity to work, both temporary and permanent. The succeeding article 4 deals exclusively with payments to be made *to the dependents of employees* following the employee's death. It is clear from a reading of these articles that ''disability'' is used throughout to refer to the *disabling effect* of industrial injuries as they entitle the employee to compensation during his life, and can by no plausible construction be extended to include *the death* of the employee. If there could be any doubt of the correctness of this construction, section 4700 of the Labor Code must put it at rest.

That section reads: "The death of an injured employee does not affect the liability of the employer under Articles 2 and 3 of this chapter [i.e., for medical treatment and disability payments] so far as such liability has accrued and become payable at the date of the death. Any accrued and unpaid compensation shall be paid to the dependents, or, if there are no dependents, to the personal representative of the deceased employee or heirs or other persons entitled thereto, without administration, but *such death terminates the disability.*" (Emphasis added.) There could be no clearer indication than that furnished by the emphasized words that the Legislature itself intended the words "death" and "disability" as used throughout the statute to be mutually exclusive.

Petitioner's arguments are largely directed to policy considerations. ■ There is no doubt that section 4663 providing for apportionment of payments for disability partly caused by preexisting disease was, as one factor at least, motivated by a legislative desire that employers should be encouraged to employ and continue in employment persons suffering from such conditions. ■■ The same may be said of the sections providing for payments from the Subsequent Injuries Fund where an employee is suffering from previous permanent injuries or physical impairment. (Lab. Code, §§ 4750-4755.) The latter sections equally with section 4663 deal, however, exclusively with disability payments to the employee, and the Legislature has seen fit, for reasons best known to itself, not to make any such provisions for apportionment of compensation applicable to the death benefits payable to the employee's dependents. The argument that the same considerations which have led to the legislative provisions for apportionment in the case of compensation payable to the injured employee for industrially caused disability should apply equally to compensation payable to dependents for industrially caused death is one which the Legislature has not chosen to act upon, and it is not the function of a court to extend legislative provisions into a field to which it appears plainly that the Legislature has chosen not to make them applicable.

■ It may be noted that the Legislature has seen fit in section 4702 of the Labor Code to provide, in cases of total dependency, for payments of death benefits in fixed amounts without regard to the earnings of the deceased employee, and we must assume that the Legislature has determined that it is socially desirable to make a reasonably adequate provision

for such dependents in every case of industrially caused death without regard to other considerations. ■ Petitioner argues the unfairness of placing the full burden of compensation for death upon it where preexisting disease is a contributing factor, but the whole theory of the Workmen's Compensation Act is to put a burden in limited amounts upon employers for all industrially caused injuries and deaths regardless of fault, and concomitantly to take from employees and their dependents the right of recovering any greater amounts even though the injury or death is tortiously caused by the employer. It is inherent in this system that the statutory recovery, whatever it may be, shall be allowed in every case to which the statute makes it applicable, and apparent hardship in individual cases to either employer, employee or dependents (unless expressly provided for by the statute) must be disregarded in view of the social desirability of the system as a whole.

Two leading text writers in the field have taken diametrically opposite positions as to whether under our statute apportionment might be allowed in fixing compensation for dependents where preexisting disease is a contributing cause to the death of the employee. (See 2 Hanna, The Law of Employee Injuries and Workmen's Compensation (1954), p. 272; 1 Larson's Workmen's Compensation Law (1952), pp. 174-175.) We find nothing in Hanna's treatment of the subject to alter our conclusion that the Legislature having made no provision for apportionment in death cases (a fact conceded by Hanna in the cited section of his work), it is not the proper function of a court to enter the legislative field to do what the Legislature has seen fit to leave undone.

■ In one early case a District Court of Appeal suggested that such an apportionment might be proper in a death case. (*Mullane* v. *Industrial Acc. Com.*, 118 Cal.App. 283 [5 P.2d 483].) Despite this holding, in no case arising since that decision has such an apportionment ever been made and we are satisfied that the statute makes no provision in death cases for such apportionment. Insofar as it is inconsistent with our holding in this case, *Mullane* v. *Industrial Acc. Com.*, *supra*, is disapproved.

The award is affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., and White, J., concurred.