[S.F. No. 23818. Feb. 1, 1979.]

DEPARTMENT OF CORRECTIONS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
PUBLIC EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

**COUNSEL**

James J. Vonk, Robert M. Jakob, Arthur Hershenson, Frank C. Evans and Robert A. La Porta for Petitioner.

Evelle J. Younger, Attorney General, Corinne Lee Murphy, Talmadge R. Jones and Carol Hunter, Deputy Attorneys General, McCallum & McCallum, Donald G. McCallum and David C. Moody for Respondents.

## Opinion

BIRD, C. J.—The California Department of Corrections petitions for review of a decision by the Workers' Compensation Appeals Board (hereafter WCAB) awarding death benefits to respondent Deanna Antrim. This court must decide whether the WCAB had the authority to award death benefits under Labor Code section 4701 et seq. to a deceased's minor child of a prior marriage when the deceased's surviving spouse had elected to receive special death benefits under Government Code section 21363.

I

This case involves two distinct statutory schemes for benefits on the death of a qualified employee. The workers' compensation law provides "death benefits" under Labor Code section 4701 et seq. "Special death benefits" are payable on the death of certain classes of public employees under Government Code section 21360 et seq. The Public Employees' Retirement System (hereafter PERS), which is controlled by a board of administration, provides these benefits. (Gov. Code, § 20100 et seq.)[1]

When an employee suffers an injury which results in death and arises out of his employment, the workers' compensation law provides that the employer is liable to pay a death benefit to the deceased employee's dependents. (Lab. Code, § 4701.) The value of the benefit is set by statute and does not vary with the deceased employee's income. (Lab. Code, § 4702.) The extent of an individual's dependency on the deceased employee (Lab. Code, § 3500 et seq.) usually determines the amount of the death benefit awarded to that person. (Lab. Code, § 4703.)[2] However, Labor Code section 4707 imposes certain restrictions when one or more surviving dependents are eligible for special death benefits from PERS.

---

[1]"Basic death benefits" are also payable under PERS, but such benefits are not relevant to this case. (See Gov. Code, §§ 21360-21362.)

[2]Labor Code section 4703 provides:

"Subject to the provisions of section 4704, this section shall determine the right to a death benefit.

"If there is any person wholly dependent for support upon a deceased employee, such person shall receive the entire death benefit, and any person partially dependent shall receive no part thereof.

"If there is more than one person wholly dependent for support upon a deceased employee, the death benefit shall be divided equally among them.

"If there is more than one person partially dependent for support upon a deceased employee, and no person wholly dependent for support, the amount allowed as a death benefit shall be divided among the persons so partially dependent in proportion to the relative extent of their dependency."

"No benefits . . . shall be awarded under this division . . . unless it shall be determined that a special death benefit, as defined in the Public Employees' Retirement Law, . . . will not be paid . . . to the widow or children under 18 years of age, of the deceased . . . ."[3] This section nevertheless assures that when special death benefits are awarded, the total benefits will not be less than the death benefits payable under the workers' compensation law. Further, the WCAB has been granted broad powers in Labor Code section 4704 to reassign or reapportion any death benefit "in a just and equitable manner."[4]

When the deceased in the present case died, special death benefits were payable under PERS "if the deceased was a patrol, prison, state safety, state industrial or local safety member," the death was industrial, and the deceased's widow or child qualified under Government Code section 21364. (Gov. Code, § 21363.)[5] Government Code section 21364 specified

[3]At the time of the deceased's death, Labor Code sectin 4707 provided: "No benefits, except reasonable expenses of burial, not exceeding one thousand dollars ($1,000) shall be awarded under this division on account of the death of an employee who is a member of the Public Employees' Retirement System unless it shall be determined that a special death benefit, as defined in the Public Employees' Retirement Law, will not be paid by the Public Employees' Retirement System to the widow or children under 18 years of age, of the deceased, on account of said death, but if the total death allowance paid to said widow and children shall be less than the benefit otherwise payable under this division such widow and children shall be entitled, under this division, to the difference." (Stats. 1969, ch. 639, § 1, pp. 1290-1291.)

[4]Labor Code section 4704 provides: "The appeals board may set apart or reassign the death benefit to any one or more of the dependents in accordance with their respective needs and in a just and equitable manner, and may order payment to a dependent subsequent in right, or not otherwise entitled thereto, upon good cause being shown therefor. The death benefit shall be paid to such one or more of the dependents of the deceased or to a trustee appointed by the appeals board for the benefit of the person entitled thereto, as determined by the appeals board."

[5]At the time of the deceased's death, Government Code section 21363 provided: "The special death benefit is payable if the deceased was a patrol, prison, state safety, state industrial or local safety member, if his death was industrial, as determined by the appeals board, using the same procedure as in workmen's compensation hearings, and if there is a wife or child who qualifies under subdivision (b) of Section 21364." (Stats. 1974, ch. 1439, § 9, p. 3147.)

Government Code section 21364 provided, in pertinent part:

"the special death benefit consists of:

"(a) An amount equal to and derived from the same source as the basic death benefit exclusive of the contributions from which the annuity provided under subdivision (c) of this section is paid; and

"(b) An amount sufficient, when added to the amount provided under subdivision (a) of this section, to provide, when applied according to tables adopted by the board, a monthly death allowance, equal to one-half of his final compensation in the membership category applicable to him at the time of the injury or the onset of the disease causing

the method for calculating the amount of the special death benefit and the order of distribution. If there were a surviving spouse, the entire benefit was payable to her. If there were no surviving spouse, or if the spouse died or remarried before any of the deceased's children attained age 18, these children were collectively entitled to the benefit. However, no child could receive any part of the allowance after marrying or reaching age 18.[6]

There are significant differences between these two systems of death benefits. If special death benefits are payable, the total benefits will at least equal those payable under the Labor Code, and may be substantially greater. (See Lab. Code, § 4707; compare Lab. Code, § 4702 with Gov. Code, § 21364.) In addition, eligibility for any benefit is markedly different. An individual must have been dependent on the deceased in order to collect any death benefit under the Labor Code. (Lab. Code, § 4701, subd. (b).) There is no such requirement for entitlement to a special death benefit. (Gov. Code, § 21363.) Further, while death benefits payable under the Labor Code are shared among those equally entitled (Lab. Code, § 4703), special death benefits are payable exclusively to the deceased's spouse. (Gov. Code, § 21364, subd. (b).) Only if the spouse

---

death, payable to the surviving spouse to whom he was married prior to sustaining the injury or disease resulting in death, as long as such spouse lives or until her remarriage; or if there is no surviving spouse or if such spouse dies or remarries before all children of the deceased member attain age 18, to his children under 18 collectively until every child shall have died, married, or attained age 18; provided, that no child shall receive any part of the allowance after marrying or attaining age 18. During the lifetime of the surviving spouse or until such spouse remarries, an additional percentage of the death benefit allowed by this section, exclusive of the annuity under subdivision (c), shall be paid to such spouse of a member who is killed in the performance of his duty or who dies as a result of an accident or an injury caused by external violence or physical force, incurred in the performance of his duty, for each of his children during the lifetime of the child, or until the child marries or reaches the age of 18, as follows: for one child, twenty-five percent (25%); for two children, forty percent (40%); and for three or more children, fifty percent (50%); and

"(c) An annuity which is the actuarial equivalent, assuming monthly payments for life to the surviving spouse, of the deceased's accumulated additional contributions at the date of his death, plus his accumulated contributions at that date based on compensation earned in any membership category other than the category applicable to him at the time of the injury or the onset of the disease causing death.

"In the event the surviving spouse does not have custody of the member's children, the additional amount payable pursuant to this section shall be payable to the person having custody of the children for each child during the lifetime of the child, or until the child marries or reaches the age of 18.

" . . . . . . . . . . . . . ."

(Stats. 1974, ch. 92, § 1, pp. 188-189.)

[6]However, if a child were a "full-time student," he or she retains eligibility for special death benefits until age 22. (Gov. Code, § 21364.2.)

has died or remarried does the statute permit an award to the deceased's children. It is the disparate treatment provided by these two systems of compensation that led to this appeal.

## II

Dale Wesley Antrim was employed as a correctional officer by petitioner, Department of Corrections. On May 23, 1975, he suffered a cardiac arrest due to a myocardial infarction and died. His widow, Lorene Antrim, filed a claim with the WCAB for special death benefits under Government Code section 21363, a provision of the Public Employees' Retirement Law. (Gov. Code, § 20000 et seq.) As a result, PERS was made a party to that proceeding. (Lab. Code, § 4708.) A second claim for death benefits was filed with the WCAB by the deceased's minor daughter from a prior marriage, Deanna Antrim. Deanna was 16 years old and living with her mother at the time of her father's death. The two claims were consolidated.[7]

The parties stipulated that the injury to the deceased's heart arose out of and occurred in the course of his employment and proximately caused his death. That stipulation entitled the deceased's widow to special death benefits from PERS. However, in accordance with the provisions of Government Code section 21364, subdivision (b), PERS stated that the deceased's minor daughter was not entitled to any special death benefits. Eligibility for such benefits would occur only if the deceased's widow died or remarried and Deanna had neither married nor attained age 18.[8]

The workers' compensation judge held that since the deceased's widow had elected to receive special death benefits from PERS, Labor Code section 4707 precluded Deanna from receiving any death benefit under the workers' compensation law. However, he found that this construction of section 4707 would deny equal protection of the law to an employee's dependents who were not protected under Government Code section 21364. Nevertheless, the judge denied any death benefit to Deanna

---

[7]A claim was also filed by the deceased's adult son, Mark, who was 19 years old at the time of his father's death. Both the workers' compensation judge and the WCAB deferred determination of whether he qualified as a dependent. That decision has not been challenged.

[8]Since her father had not died from an injury caused by "external violence or physical force," the benefits provided in the second sentence of Government Code section 21364, subdivision (b), were not available. In addition, counsel for Deanna stated that no benefits were payable to her under subdivision (c). That assertion has not been disputed.

because he believed he lacked the power to rule on a statute's constitutionality.

On reconsideration, the WCAB awarded a death benefit to Deanna on the theory that Labor Code section 4707 guaranteed that "the children as well as the widow are at least entitled to the Death Benefit in the Labor Code. Thus, since the child in the instant case has not received any funds from the Public Employees' Retirement System, said child is entitled to the difference of what she should have received. In this case [the child is awarded] one-half of $45,000.00 as per Labor Code section 4701."[9]

The Department of Corrections petitioned for review on the ground that Labor Code section 4707 precluded the WCAB from awarding any death benefit to the deceased's minor child and further argued that this interpretation of section 4707 did not deny Deanna equal protection of the law.

### III

Article XIV, section 4, of the California Constitution authorizes the Legislature to create and enforce "a complete system of workers' compensation . . . to compensate any or all . . . workers for injury or disability, and their dependents for death incurred or sustained by the said workers in the course of their employment . . . . A complete system of workers' compensation includes adequate provisions for the comfort, health and safety and general welfare of any and all workers and those dependent upon them for support . . . ." The workers' compensation laws codified in Labor Code section 3200 et seq. are intended to implement that objective and provide "a complete system of [workers'] compensation . . . ." (Lab. Code, § 3201.)

The Legislature has mandated that those statutes be "liberally con- strued by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.) ■ Accordingly, "[w]here provisions of [the workers' compensation] laws are susceptible of an interpretation either beneficial or detrimental to injured employees or an ambiguity appears, they must

---

[9]At the time of the deceased's death, the death benefit for a surviving widow and one dependent minor child was $45,000. (Lab. Code, § 4702.) The award of $22,500 to Deanna was apparently based on the assumption that both Deanna and the deceased's widow were wholly dependent upon the deceased. (See Lab. Code, §§ 3501, 3502.) Therefore, each was entitled to one-half of the death benefit. (Lab. Code, § 4703.)

be construed favorably to the employees." (*Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 404 [71 Cal.Rptr. 678, 445 P.2d 294]; see *Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668 [150 Cal.Rptr. 250, 586 P.2d 564]; *Larsen* v. *Industrial Acc. Com.* (1950) 34 Cal.2d 772, 776 [215 P.2d 16].) That statutory presumption unquestionably applies to the construction of statutes governing death benefits. (E.g., *L. B. Price Mercantile Co.* v. *Ind. Acc. Com.* (1957) 49 Cal.2d 13, 14-15 [313 P.2d 860]; see *Arndt* v. *Workers' Comp. Appeals Bd.* (1976) 56 Cal.App.3d 139, 147 [128 Cal.Rptr. 250].)

However, Labor Code section 4707 provides that no death benefits shall be paid if special death benefits from PERS are paid "to the widow *or* children under 18 years of age, of the deceased . . . ." (Italics added.) In this case, the deceased's widow was awarded the entire special death benefit under Government Code sections 21363 and 21364. Therefore, the workers' compensation judge correctly found that Labor Code section 4707 did not permit an award to the deceased's minor child. In light of the statute's clear language, the WCAB's construction to the contrary to justify an award to the child is unreasonable.

Nevertheless, our inquiry does not end here since the Legislature also expressly granted the WCAB discretion in awarding death benefits. "The appeals board may set apart or reassign the death benefit to any one or more of the dependents in accordance with their respective needs and in a just and equitable manner, and *may order payment to a dependent subsequent in right, or not otherwise entitled thereto, upon good cause being shown therefor. . . .*" (Lab. Code, § 4704, italics added.) The expansive authority vested in the WCAB by section 4704 has long been recognized by our courts. (E.g., *California C.I. Exch.* v. *Indus. Acc. Com.* (1930) 211 Cal. 218, 220-222 [295 P. 34]; see also 1 Herlick, Cal. Workers' Compensation Law Handbook (2d ed. 1978) § 9.18, p. 329.)

The seemingly apparent conflict between the prohibition in Labor Code section 4707 and the authorization in Labor Code section 4704 to award death benefits even to dependents "not otherwise entitled thereto" is readily resolved.[10] The objective of the workers' compensation

[10]This court is not persuaded by petitioner's contention that section 4707 should take precedence because it is a more specific statute. In section 4704, the Legislature authorized the WCAB to deviate from the specific pattern of benefit distribution prescribed in other sections. In so doing, the Legislature made section 4704 an exception to the other sections. There is nothing in either section 4704 or section 4707 which expressly provides that the authority granted under section 4704 is inapplicable when section 4707 applies. Therefore, the fact that section 4707 is more narrowly focused does not mean that section 4707 controls when both sections are applicable.

provisions regarding death benefits is to provide compensation to a deceased employee's dependents. (See *Pacific Gas & Elec. Co.* v. *Ind. Acc. Com.* (1961) 56 Cal.2d 219, 222-223 [14 Cal.Rptr. 548, 363 P.2d 596]; *Van Horn* v. *Industrial Acc. Com.* (1963) 219 Cal.App.2d 457, 466-467 [33 Cal.Rptr. 169].) ■ The special benefits provided under PERS were intended to provide compensation beyond that payable under the workers' compensation law in recognition of the special hazards involved in certain categories of public employment. (See, e.g., Gov. Code, § 21202.) ■ Thus, it would be improper to read these statutes narrowly to strip death benefits from a minor child who would be entitled to benefits under the provisions governing dependents of most other workers. Rather, Labor Code section 4704 is properly construed liberally (Lab. Code, § 3202) to authorize the WCAB to award death benefits even to dependents denied death benefits under Labor Code section 4707 and Government Code section 21364, if "good cause" is shown.[11]

In the past, this court has upheld eligibility for compensatory benefits in analogous circumstances. In *Dept. of Motor Vehicles* v. *Indus. Acc. Com.* (1939) 14 Cal.2d 189 [93 P.2d 131] (hereafter *DMV*), this court was asked to determine whether a state highway patrol officer could receive a permanent partial disability award after he had returned to work at full salary. As is true in the present case, the officer was subject to special statutory rules. Specifically, Labor Code section 4804 provided that "[n]o disability indemnity shall be paid . . . concurrently with wages or salary payments . . . ."

A unanimous court reasoned that "[i]nasmuch as state employees generally or employees in industrial life are not deprived of compensation for permanent injuries under the circumstances here existing," the court should adopt a construction which would allow this employee to be similarly compensated, absent an express statutory prohibition. (*DMV, supra,* 14 Cal.2d at p. 192.) The court rejected the assertion that the officer was not entitled to benefits under the workers' compensation law since he was "amply provided for under the Retirement Act," on the

---

[11]This conclusion does not nullify section 4707. When section 4707 applies, that section precludes the routine award of death benefits under Labor Code sections 4701-4703. That prohibition is lifted only upon a showing of good cause in accordance with the provisions of Labor Code section 4704.

In reviewing applications by dependents for death benefits when section 4707 applies, the WCAB is free to consider, as in other circumstances, any factor which would be relevant in determining the existence of "good cause." This would include any statutory duty of support owed by the recipient of the special death benefit to the applicant. (See, e.g., Civ. Code, §§ 196, 206, 242.)

ground that the provisions of the latter did not control the construction of the former. (*DMV, supra,* 14 Cal.2d at p. 195.) Therefore, in light of the mandate in Labor Code section 3202 for a liberal construction, the court narrowly interpreted the limitation in section 4804 to permit the employee to collect both his salary and disability payments. (*DMV, supra,* 14 Cal.2d at pp. 193-194.)[12]

In *Lyons* v. *Hoover* (1953) 41 Cal.2d 145 [258 P.2d 4], a widow's pension for the death of her fireman-husband was reduced by the amount of the death benefits awarded to her and her minor children under the workers' compensation law. The city charter provided that any pension paid by the city because of the retirement or death of an employee shall be reduced "by the amount of any benefits payable to or on account of such person, under the Workmen's Compensation [Act]. . . . It is the express intent . . . that double payments, in whole or in part, at the expense of the taxpayers, shall not be permitted." (*Id.,* at p. 148.) The city argued that this provision authorized deductions from the widow's pension in the amount of the death benefits paid to her and her children. However, this court found the provision could also be interpreted to authorize deductions only for benefits paid to her. Since the court was bound to adopt a construction consistent with the beneficial purposes of the pension provisions, the court unanimously held the pension could not be reduced by any benefits payable to others, including the minor children. (*Id.,* at p. 149.)[13]

The lesson of these decisions is clear. If a provision in a compensatory scheme may be reasonably construed to provide coverage or payments, that construction should usually be adopted even if another reasonable construction is possible. In this way, the Legislature's intent in passing the workers' compensation law, as evident in Labor Code section 3202, is given its full recognition.[14]

[12]See also *City of Palo Alto* v. *Industrial Acc. Com. (Gaudin)* (1965) 232 Cal.App.2d 305 [42 Cal.Rptr. 822]; *City of Palo Alto* v. *Industrial Acc. Com. (Kidder)* (1959) 175 Cal.App.2d 83 [345 P.2d 586].

[13]See also *City etc. of S.F.* v. *Workmen's Comp. App. Bd.* (1969) 269 Cal.App.2d 382 [74 Cal.Rptr. 810]; *Barnett* v. *Brizee* (1968) 258 Cal.App.2d 97 [65 Cal.Rptr. 493].

[14]*State Comp. Ins. Fund* v. *Ind. Acc. Com. (Seagrave)* (1957) 150 Cal.App.2d 215 [309 P.2d 853], relied on by petitioner, did not discuss the issue presented in this case. In *Seagrave,* an award of death benefits to a deceased public employee's minor son was challenged. The Court of Appeal held that Labor Code section 4707 prohibited such an award since the deceased's widow had received special death benefits under Government Code section 21363. However, that decision failed to consider the significance of Labor Code section 4704. No mention of that provision appears. Accordingly, that court did not rule on the question presented in this case—the effect of Labor Code section 4704 on section 4707.

To construe Labor Code sections 4704 and 4707 as denying the WCAB authority to award death benefits to Deanna would raise the serious constitutional question whether the deceased's minor child would be denied equal protection of the law. That construction would make Deanna ineligible for the death benefits provided by statute to all other surviving dependent minor children. (See Lab. Code, §§ 4701, 4703.) No legislative purpose has yet been offered which would "rationally justif[y] the disparate treatment" to which dependent minor children of PERS safety employees would thereby be subjected. (See *Cooper* v. *Bray* (1978) 21 Cal.3d 841, 851 [148 Cal.Rptr. 148, 582 P.2d 604]; *Brown* v. *Merlo* (1973) 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505].) ■ By interpreting section 4704 to authorize an award of death benefits to Deanna, this court adheres to the maxim that "legislation should be construed, if reasonably possible, to preserve its constitutionality . . ." and thus avoids the constitutional issue inherent in a contrary construction. (*Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 305 [138 Cal.Rptr. 53, 562 P.2d 1302]; *Palmero* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 60 [195 P.2d 1].)

The award by the WCAB to respondent Deanna Antrim is annulled since it was based on an erroneous interpretation of Labor Code section 4707.[15] The matter is remanded to the WCAB to determine if there was "good cause" for granting benefits in conformity with Labor Code section 4704.

Tobriner, J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.

---

[15]Labor Code section 3501 provides that a minor child under the age of 18 is conclusively presumed to be wholly dependent for support upon a deceased parent if the child were living with the parent, or the parent were legally liable for the child's maintenance, at the time of the parent's injury. Dependency may also be established in accordance with Labor Code sections 3502 and 3503. This court need not decide at this time whether there was substantial evidence to support the WCAB's implicit finding that respondent Deanna Antrim was wholly dependent upon her deceased father since the matter is remanded to the WCAB.