TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 98-805 |
| of | : | |
| | : | November 18, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE DICK MONTEITH, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

Is a county service area established for the purpose of road maintenance required to assess landowners on a proportional rather than uniform basis when it imposes a charge for maintenance services?

CONCLUSION

A county service area established for the purpose of road maintenance is required to assess landowners on a proportional rather than uniform basis when it imposes a charge for maintenance services.

ANALYSIS

The County Service Area Law (Gov. Code, §§ 25210.1- 25211.33; "Act") **Footnote No. 1** was enacted to provide ". . . an alternative method for providing governmental services by counties within unincorporated areas. . . ." (§ 25210.3; see *Frommhagen* v. *Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1296.) As we noted in 62 Ops.Cal.Atty.Gen. 831, 832 (1979), the Act authorizes counties to provide a variety of services to local areas, including police protection, fire protection, park, recreation, and parkway facilities and services, library facilities and services, television translator station facilities, and low power television services. (See § 25210.4.) **Footnote No. 2** Section 25210.4a(15) specifically authorizes a county service area ("CSA") to provide:

"Road maintenance. Street, highway, and bridge construction, improvement and maintenance, including related drainage facilities and structures, necessary design and engineering services, and the acquisition of land, easements, and rights-of-way needed for the work. . . ."

The question presented for resolution is whether a CSA is required to assess landowners on

a proportional rather than uniform basis when it imposes a charge to cover its costs of road maintenance. We conclude that the charge must be proportional to the benefits conferred upon each parcel or proportional to the cost of the service attributable to each parcel.

A CSA may fund road maintenance services by imposing a "special tax" (§ 25210.6a) **Footnote No. 3** and/or a "charge" (§ 25210.77a). A "special tax" is not subject to being apportioned but rather must be applied uniformly to all taxpayers or all real property within the affected area under the terms of section 25210.6a.

Here, instead, we are presented with the imposition of a "charge" to fund a CSA's road maintenance services. Section 25210.77a provides in part:

"For any county service area or zone thereof located therein, a county may fix and collect charges for a particular extended service authorized pursuant to this article to pay, in whole or in part, for the cost thereof. The revenue obtained thereby may be in lieu of, or supplemental to, revenue obtained by the levy of taxes. The charges may vary by reason of the nature of the use or the month in which the service is rendered to correspond to the cost and the value of the service. The charges may be determined by apportioning the total cost, not otherwise offset by other available revenue, of the extended service area to each parcel therein in proportion to the estimated benefits from such service to be received by each parcel."

As specified in section 25210.77a, therefore, a charge "may vary by reason of the nature of the use . . . to correspond to the cost and the value of the service." The total cost of the service may be apportioned to each parcel "in proportion to the estimated benefits from such service to be received by each parcel." (See *Frommhagen* v. *Board of Supervisors*, *supra*, 197 Cal.App.3d at 1296; 62 Ops.Cal.Atty.Gen., *supra*, at 838-839.)

We construe the language of section 25210.77a in a manner consistent and in harmony with the requirements of the Constitution. (See *Dyna Med, Inc.* v. *Fair Employment & Housing* (1987) 43 Cal.3d 1379, 1387 ["A statute should be construed whenever possible so as to preserve its constitutionality"]; *Department of Corrections* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 197, 207.) Section 3 of article XIII D of the Constitution states:

"Property Taxes, Assessments, Fees and Charges Limited.

"(a) No tax, assessment, fee, or charge shall be assessed by any agency upon any parcel of property or upon any person as an incident of property ownership except:

"(1) The ad valorem property tax imposed pursuant to Article XIII and Article XIII A.

"(2) Any special tax receiving a two-thirds vote pursuant to Section 4 of Article XIII A.

"(3) Assessments as provided by this article.

"(4) Fees or charges for property-related services as provided by this article.

"(b) For purposes of this article, fees for the provision of electrical or gas service shall not be deemed charges or fees imposed as an incident of property ownership."

An "assessment," for purposes of article XIII D, is defined as follows:

"'Assessment' means any levy or charge upon real property by an agency for a special benefit conferred upon the real property. 'Assessment' includes, but is not limited to, 'special assessment,' 'benefit assessment,' 'maintenance assessment' and 'special assessment tax.'" (Cal. Const., art. XIII D, § 2, subd. (b).)

A "fee" or "charge," as used in article XIII D, means "any levy other than an ad valorem tax, a special tax, or an assessment, imposed by an agency upon a parcel or upon a person as an incident of property ownership, including a user fee or charge for a property related service." (Cal. Const., art. XIII D, § 2, subd. (e).)

The "charges" authorized by section 25210.77a are either special assessments or fees depending on how they are exacted by the county. (62 Ops.Cal.Atty.Gen., *supra*, at 838.) If the charges are based upon "the estimated benefits from such service to be received by each parcel," they would be special assessments. If they are based upon "the nature of the use," they would constitute a compensatory fee for the services provided. In either event, they would fall within the meaning of "assessment" or "fee" or "charge" as those terms are used in article XIII D.

Section 4 of article XIII D of the Constitution describes the necessary procedures for imposing a special assessment:

"Procedures and Requirements for All Assessments.

"(a) An agency which proposes to levy an assessment shall identify all parcels which will have a special benefit conferred upon them and upon which an assessment will be imposed. The proportionate special benefit derived by each identified parcel shall be determined in relationship to the entirety of the capital cost of a public improvement, the maintenance and operation expenses of a public improvement, or the cost of the property-related service being provided. No assessment shall be imposed on any parcel which exceeds the reasonable cost of the proportional special benefit conferred on that parcel. Only special benefits are assessable, and an agency shall separate the general benefits from the special benefits conferred on a parcel. Parcels within a district that are owned or used by any agency, the State of California or the United States shall not be exempt from assessment unless the agency can demonstrate by clear and convincing evidence that those publicly owned parcels in fact receive no special benefit."

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(f) In any legal action contesting the validity of any assessment, the burden shall be on the agency to demonstrate that the property or properties in question receive a special benefit over and above the benefits conferred on the public at large and that the amount of any contested assessment is proportional to, and no greater than, the benefits conferred on the property or properties in question."

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Accordingly, the imposition of a special assessment by a CSA for road maintenance must reflect the costs of the proportional special benefits derived by each parcel from the maintenance of the road.

Section 6 of article XIII D of the Constitution describes the necessary procedures for imposing a fee or charge:

"Property-Related Fees and Charges.

"(a) Procedures for New or Increased Fees and Charges. An agency shall follow the procedures pursuant to this section in imposing or increasing any fee or charge as defined

pursuant to this article, including, but not limited to, the following:

"(1) The parcels upon which a fee or charge is proposed for imposition shall be identified. The amount of the fee or charge proposed to be imposed upon each parcel shall be calculated. The agency shall provide written notice by mail of the proposed fee or charge to the record owner of each identified parcel upon which the fee or charge is proposed for imposition, the amount of the fee or charge proposed to be imposed upon each, the basis upon which the amount of the proposed fee or charge was calculated, the reason for the fee or charge, together with the date, time, and location of a public hearing on the proposed charge.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Requirements for Existing, New or Increased Fees and Charges. A fee or charge shall not be extended, imposed, or increased by any agency unless it meets all of the following requirements:

"(1) Revenues derived from the fee or charge shall not exceed the funds required to provide the property-related service.

"(2) Revenues derived from the fee or charge shall not be used for any purpose other than that for which the fee or charge was imposed.

"(3) The amount of a fee or charge imposed upon any parcel or person as an incident of property ownership shall not exceed the proportional cost of the service attributable to the parcel.

"(4) No fee or charge may be imposed for a service unless that service is actually used by, or immediately available to, the owner of the property in question. Fees or charges based on potential or future use of a service are not permitted. Standby charges, whether characterized as charges or assessments, shall be classified as assessments and shall not be imposed without compliance with Section 4.

"(5) No fee or charge may be imposed for general governmental services including, but not limited to, police, fire, ambulance, or library services, where the service is available to the public at large in substantially the same manner as it is to property owners.

"Reliance by an agency on any parcel map, including, but not limited to, an assessor's parcel map, may be considered a significant factor in determining whether a fee or charge is imposed as an incident of property ownership for purposes of this article. In any legal action contesting the validity of a fee or charge, the burden shall be on the agency to demonstrate compliance with this article.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Hence, the imposition of a charge or fee by a CSA for road maintenance "shall not exceed the proportional cost of the service attributable to the parcel." (Cal. Const., art. XIII D, § 6, subd. (b)(3).) **Footnote No. 4**

In response to the question presented, therefore, we conclude that a CSA established for the purpose of road maintenance is required to assess landowners on a proportional rather than uniform basis when it imposes a charge for maintenance services.

\* \* \* \* \*

**Footnote No. 1**
All undesignated section references hereafter are to the Government Code.
**Footnote No. 2**
The Act also authorizes additional services within certain counties. (See, e.g., §§ 25210.4b, 25210.4d, 25210.4f, 25210.4g.)
**Footnote No. 3**
Section 25210.6a provides:

> "(a) Notwithstanding any other provision in this chapter, the board of supervisors may levy and collect a special tax in any county service area or zone within a county service area . . . to fund any one or more services which may be provided under this chapter.

> "(b) 'Special tax,' as used in this section, means any special tax which applies uniformly to all taxpayers or all real property within the county service area or zone."

**Footnote No. 4**
If assessed as a fee or charge, the levy in question may be said to be one that is "imposed as an incident of property ownership" (Cal. Const., art. XIII D, § 6, subd. (b)(3)) by relying upon a parcel map in determining who pays the fee or charge (Cal. Const., art XIII D, § 6, subd. (b)(5)). (Cf. 81 Ops.Cal.Atty.Gen. 104 (1998); 80 Ops.Cal.Atty.Gen. 183 (1997).) Additionally, we do not construe the road maintenance levy as being imposed for general governmental services since it arises from a determination by the county board of supervisors that it is needed to fund an *extended* service which the county does not perform to the same extent on a countywide basis (§§ 25210.1, 25210.4, subd. (d)) and because the road is primarily for the benefit of the owners and occupants of the affected parcels.