[Civ. No. 14448. Second Dist., Div. One. June 27, 1944.]

GARRY DULIN, a Minor, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Gibson, Dunn & Crutcher for Petitioner.

Everett A. Corten, Fred G. Goldsworthy and G. W. Winbigler for Respondents.

DORAN, J.—In the answer to the petition herein for a writ of review of the action of the Industrial Accident Commission, respondent commission summarizes the undisputed facts as follows: "On July 2, 1942, petitioner was employed at Alhambra, California, by Kay-Brunner Steel Products, Inc., a corporation. At that time petitioner was 18 years of age, having been born September 2, 1923. While so employed he sustained an injury to his right elbow, which injury the respondent commission found occurred in the course of and arose out of his employment.

"On January 5, 1943, petitioner filed with the respondent commission his application for adjustment of his claim for compensation, in which application he was represented neither by guardian nor by attorney.

"At the request of the applicant, hearing upon his application was delayed. The matter came on for hearing on August 4, 1943, at which time the applicant was represented by counsel. Good cause appearing, the commission appointed the applicant's counsel, John Henry Peckham, Jr., guardian ad litem. The affirmative defense of the statute of limitations was pleaded by the defendants.

"Upon cross-examination by counsel for the workman's compensation insurance carrier the applicant disclosed that his mother had been appointed guardian of his person and of his estate prior to the time of his injury. He further testified that he lived with his mother and that she was aware of the fact of his injury.

"A certified copy of letters of guardianship was filed in evidence, disclosing that Jane Stimson Dulin had been appointed general guardian of the minor applicant for compensation, the letters having been issued by order of the Superior Court of Los Angeles County on February 8, 1938, and that the said letters had not been revoked and were in full force and effect on and subsequent to July 2, 1942, which was the date of injury.

"Upon this evidence the respondent commission made its order dismissing and discharging from the proceedings the guardian ad litem theretofore appointed. The commission concluded that at the time of injury, namely, July 2, 1942, the minor applicant had been under no legal disability because of his minority, since at that time, and subsequent thereto, he had been a ward of the general guardian appointed by the Superior Court. His application for compensation

having been filed more than six months subsequent to the date of injury, and no compensation benefits having been provided nor any agreement entered into to provide such benefits, the commission held that the claim of the applicant was barred by the period of limitations provided in sec. 5405(a) of the Labor Code.''

The record reveals, in the petition for appointment of the guardian, that such proceedings were required in connection with the disposition of an interest in an insurance policy accruing in favor of said minor Garry Dulin. The petition was dated September 1, 1937, and the order appointing the mother of said minor as guardian was dated October 6, 1937.

Respondent commission submits the question involved to be as follows: ''Is a minor employee, who suffers an industrial injury during the period of minority, under legal disability within the meaning of Labor Code section 5408 when at the time of injury he is the ward of a general guardian, duly appointed qualified and acting?''

The controversy herein results from a disagreement as to the meaning and construction of section 5408 of the Labor Code of California. Said section is as follows: ''If an injured employee or, in the case of his death, any of his dependents, is under twenty-one years of age or incompetent at any time when any right or privilege accrues to such employee or dependent under this division, a general guardian, appointed by the court, or a guardian ad litem or trustee appointed by the commission or a commissioner *may*, on behalf of the employee or dependent, claim and exercise any right or privilege with the same force and effect as if no disability existed. No limitation of time provided by this division shall run against any person under twenty-one years of age or any incompetent *unless and until a guardian or trustee is appointed*. The commission may determine the fact of the minority or incompetency of any injured employee and may appoint a trustee to receive and disburse compensation payments for the benefit of such minor or incompetent and his family.'' (Italics added.)

It is contended by petitioner ''that a reasonable interpretation of Section 5408 of the Labor Code of the State of California and one which will not result in discrimination against any class of minors is that the provisions thereof are prospective and anticipate the appointment of a general guardian by a court or a guardian ad litem or trustee by the commission

after a minor has received a compensable injury, for the purpose of representing him and pressing his rights with reference to that particular injury, and that under such an interpretation, the claim of your petitioner herein is not barred by Section 5404 of the Labor Code of the State of California. It is further submitted that this construction is a liberal construction, conforms to the mandates of the Constitution of the State of California and the Legislature, and is entirely consistent with all other provisions of the Labor Code.''

It is not disputed by respondent that either a general guardian or a guardian ad litem appointed by the commission may present the claim of an injured minor. But, it is argued by respondent, ''In the event a guardian shall have been appointed by the court then no jurisdiction exists in the commission to appoint a guardian ad litem for the purpose of prosecuting before it a claim for workmen's compensation benefits,'' and, therefore, ''it follows that since in this present case the court had appointed a guardian of the estate of the injured employee, Garry Dulin, and that the Letters of Guardianship had not been revoked and were in full force and effect at the time the injury was sustained and at all material times subsequent thereto, Garry Dulin was privileged, by and through his guardian, to prosecute his claim for compensation at any time within six months of date of injury. A guardian having been appointed and acting for Garry Dulin at the time of his injury, he was not at such time under legal disability, and the limitation of time provided by sec. 5405 (a) of the Labor Code commenced to run from the date of injury in the same manner and to the same extent as it would had Garry Dulin been an adult when injured.''

The contention of the respondent commission cannot be upheld. There can be no conflict in jurisdiction between the court and the respondent commission with regard to proceedings before the commission affecting the claim of a minor. Section 5307 of the Labor Code provides that the commission may: (a) Adopt reasonable and proper rules of practice and procedure. (b) Regulate and provide the manner in which, and by whom, minors and incompetent persons are to appear and be represented before it. (c) Appoint a trustee or guardian ad litem to appear for and represent any minor or incompetent upon the terms and conditions which it deems proper. Reading the foregoing provisions of section 5307 in

the light of the provisions of section 5408, *supra,* and bearing in mind the function of construction with regard to preserving the effectiveness of code provisions, the conclusion is inevitable that the commission is vested with a discretion to proceed through the medium of a general guardian appointed by the court, if one is or has been appointed, or appoint a guardian by order of the commission, to represent the minor in the premises.

As to the effect of the statute of limitations, there can be no conflict here either. In connection with the subject of guardian and ward under the provisions of the Code of Civil Procedure, section 352 thereof provides in part as follows: "If a person entitled to bring an action, mentioned in chapter three of this title, be, at the time the cause of action accrued either 1. Within the age of majority; . . . the time of such disability is not a part of the time limited for the commencement of the action." Thus the general rule to the effect that the statutes of limitation do not commence to run until the minor attains majority, is clearly established. But such rule has reference only to "an action mentioned in chapter three of this title." For a discussion of this subject see *Aronson* v. *Bank of America*\* (Cal.App.) 65 P.2d 823.

Section 5405 of the Labor Code provides for the period of time within which proceedings may be commenced to obtain the benefits covered by the Workmen's Compensation Act. So far as it affects the status of petitioner herein, the limitation is six months from the date of injury. However, as noted above, section 5408 provides that "No limitation of time provided by this division shall run against any person under twenty-one years of age or any incompetent unless and until a guardian or trustee is appointed." Thus, with regard to the rights of minors accruing by virtue of the Labor Code, a disability is created, but not "unless and until a guardian or trustee is appointed."

In order to determine the meaning and purpose of this last quoted language, it need be read only in connection with related provisions of the Labor Code. It should be emphasized at this point that section 5408 is concerned with

---

\*In *Aronson* v. *Bank of America,* a hearing was granted by the Supreme Court on April 26, 1937. The opinion of that court is reported in 9 Cal.2d 640 [72 P.2d 548].

three separate and distinct subjects. The first sentence determines who may present the claim of a minor; the second is concerned only with the subject of limitations and the third vests the commission with power to determine the fact of minority, etc. Both section 5408 and section 5307 appear in part four of Division Four of the Labor Code under the heading "Compensation Proceedings." Read together, it is at once evident that the language, "Unless and until a guardian or trustee is appointed," refers to the "trustee or guardian" mentioned in paragraph (c) of section 5307, *supra*. This being true, and there having been no guardian or trustee appointed by the commission, petitioner was under no disability in the circumstances.

For the foregoing reasons, the order and award of the Industrial Accident Commission and the order thereof denying the applicant's petition for a rehearing are, and each of them is hereby annulled; and the case is remanded for further proceedings before the commission in accordance with the views herein expressed.

York, P. J., and White, J., concurred.