[Civ. No. 3003. Fifth Dist. Oct. 4, 1976.]

CHERYL A. ROBLYER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
COUNTY OF KERN et al., Respondents.

COUNSEL

Hays & Petersen and Seth J. Kelsey for Petitioner.

T. Groezinger, James J. Vonk, George S. Bjornsen, Frank Evans and Arthur Hershenson for Respondents.

OPINION

GARGANO, J.—Petitioner is the daughter of Paul R. Roblyer who died as the result of an industrial injury more than 240 weeks from the date of the injury; she challenges the ruling of the Workers' Compensation Appeals Board (hereafter the Board) denying her claim for a death benefit. The Board denied the claim on the ground that it was not timely, and the dispute revolves around conflicting interpretations of sections 5406 and 5408 of the Labor Code.[1]

Section 5406 reads in pertinent part as follows:

"The period within which may be commenced proceedings for the collection of the [death] benefits provided by Article 4 of Chapter 2 of Part 2 of [Division 4 of the Labor Code] is one year from:

". . . . . . . . . . . . . . . . . .

"(c) The date of death, where death occurs more than one year after the date of injury and compensation benefits have been furnished.

"*No such proceedings may be commenced more than one year after the date of death, nor more than 240 weeks from the date of injury.*" (Italics added.)

Section 5408 provides:

"If an injured employee or, in the case of his death, any of his dependents, is under 18 years of age or incompetent at any time when any right or privilege accrues to such employee or dependent under [Division 4 of the Labor Code], a general guardian, appointed by the

---

[1]Hereafter, unless otherwise indicated, all section references are to the Labor Code.

court, or a guardian ad litem or trustee appointed by the appeals board may, on behalf of the employee or dependent, claim and exercise any right or privilege with the same force and effect as if no disability existed.

"*No limitation of time provided by [Division 4 of the Labor Code] shall run against any person under 18 years of age or incompetent unless and until a guardian or trustee is appointed.* The appeals board may determine the fact of the minority or incompetency of any injured employee and may appoint a trustee to receive and disburse compensation payments for the benefit of such minor or incompetent and his family." (Italics added.)

On April 21, 1947, petitioner's father, Paul R. Roblyer, began his employment with Kern County as a fireman in the county fire department; he was 21 years of age at that time.

On November 14, 1968, Paul R. Roblyer terminated his county employment with the fire department because of a heart condition. Then, when it was determined that the heart condition was a cumulative injury arising out of and in the course of Roblyer's employment, he was given a permanent disability rating of 86 percent;[2] the employee was awarded a lump sum payment of $18,060 plus lifetime medical care and treatment. Paul Roblyer died August 1, 1974, as the result of the industrial injury.

Petitioner was born on November 30, 1954; she was almost 14 years of age when her father terminated his employment with the county because of his heart condition; the daughter was 19 years old at the time of Roblyer's death, and no guardian had been appointed for her.

On August 21, 1974, petitioner and petitioner's mother filed applications for the death benefit provided by article 4 of chapter 2 of part 2 of division 4 of the Labor Code, commencing with section 4700. Thereafter, the referee held that Mrs. Roblyer's claim for a death benefit was barred by the last paragraph of section 5406 because her husband died more than 240 weeks after the date of his injury. He held, however, that petitioner's claim was timely, and awarded her a death benefit in the amount of $20,500.

---

[2]The parties agree that the date of injury was November 14, 1968, the day Paul Roblyer terminated his employment with the county.

On July 18, 1975, Kern County and its insurer, State Compensation Insurance Fund (hereafter respondents), petitioned the Board for reconsideration; the petition was granted. The Board agreed with respondents' position that petitioner's claim was untimely and dismissed her application for a death benefit. This proceeding for a writ of review followed.

It is undisputed that Paul R. Roblyer was fully compensated for his industrial injury and that he died more than 240 weeks after he sustained the injury; ordinarily, section 5406 bars recovery of a death benefit under these circumstances. However, petitioner's contention that she is entitled to a death benefit is grounded upon the hypothesis that the second paragraph of section 5408 is a moratorium against any limitation of time prescribed by any provision in division 4 of the Labor Code, and that, as a consequence, the 240-week limitation period mentioned in the last paragraph of section 5406 was tolled during the period of her minority. Petitioner concludes that because her claim was filed within one year after her father's death, and within 240 weeks after she attained the age of 18 years, the claim was timely.

Respondents concede that the limitation period of section 5406, mandating that a claim for a death benefit be filed within 240 weeks of the date of injury, is tolled during the period of a dependent's minority. (*City etc. of S.F.* v. *Workmen's Comp. App. Bd.* (1969) 269 Cal.App.2d 382, 389-390 [74 Cal.Rptr. 810].) The thrust of their position that petitioner's claim was not timely is that for the moratorium of section 5408 to apply to this 240-week limitation period, the injured employee's death must occur while the dependent is still a minor. Briefly, respondents argue that the first sentence of the second paragraph of section 5408 stating that "[n]o limitation of time provided by [Division 4 of the Labor Code] shall run against any person under 18 years of age . . . unless and until a guardian or trustee is appointed" (italics added), implies that two conditions must be met before the moratorium applies to the 240-week limitation period: first, the right to receive the death benefit must arise during the dependent's minority, and second, proceedings to collect the death benefit must be commenced before the dependent attains majority. Respondents primarily rely upon *Ruiz* v. *Industrial Acc. Com.* (1955) 45 Cal.2d 409 [289 P.2d 229], for this thesis. In that case, the court stated:

". . . the time limitation [of having to file a claim for a death benefit within 240 weeks from the date of injury] appears to be not a normal

statute of limitations, but rather to be more in the nature of a qualifying condition in the exercise of any right to death benefits. Diligence in the presentation of the claim, so as not to be guilty of sleeping on one's rights, apparently has no bearing if the specified time provisos are not satisfied." (*Supra,* 45 Cal.2d at p. 414.)

Respondents' interpretation of section 5408 does not comport with the plain language of the section. Under the first paragraph a general guardian may be appointed by the court, or a guardian ad litem or trustee may be appointed by the Workers' Compensation Appeals Board, to represent an injured worker or the dependent of a deceased worker if the worker or dependent either is incompetent or under the age of 18 years. This paragraph, therefore, makes it possible to expedite the filing of claims for benefits attainable under the workers' compensation law of this state despite incompetency or minority on the part of the applicant seeking the benefits.

On the other hand, the second paragraph of section 5408 is an independent paragraph with a different purpose; its objective is to toll *all* limitation periods prescribed by division 4 of the Labor Code, including the 240-week period mentioned in section 5406, during the period of an injured worker's minority or incompetency and during the period of the minority and incompetency of any dependent unless a guardian has been appointed. There is nothing in the paragraph to suggest, even remotely, that the tolling takes place only if the right to a death benefit accrues during the dependent's minority and then only if the dependent institutes proceedings to collect the death benefit before attaining majority. On the contrary, as Mr. Hanna states in his treatise:

"Despite the limitations of time set forth in Labor Code Section 5406, a claim for death benefits filed more than 240 weeks after injury is not barred as to the claim of minor children of the deceased employee, since the provisions of Section 5408 preclude the running against minors of any limitation of time until the appointment of a guardian or such minors have reached the age of majority." (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) Time Limitations on the Parties, § 18.05 [1]; cf. *Jordan* v. *Industrial Acc. Com.* (1940) 40 Cal.App.2d 276, 279-280 [104 P.2d 695].)

The case of *Ruiz* v. *Industrial Acc. Com., supra,* 45 Cal.2d 409, is distinguishable. There, the widow of a deceased workman who died

more than 240 weeks after his injury, filed an application for a death benefit within one year after her husband's death; she maintained that the limitation periods prescribed by section 5406 were in the disjunctive and that a claim was timely if it were filed either within one year after the date of death or within 240 weeks after the day of injury. The court rejected the contention stating that the section ". . . unmistakenly declares a time restriction that is based on two conditions conjunctively applicable. . . ." (*Supra,* 45 Cal.2d at p. 411.) It was in this context that the court indicated that the 240-week time limitation of section 5406 appeared to be more in the nature of a qualifying condition in which diligence in the presentation of the claim had no bearing.

In any event, even if the limitation period of having to file a claim for a death benefit within 240 weeks from the date of injury is in the nature of a qualifying condition in which diligence in the presentation of the claim has no bearing, as the *Ruiz* court suggested, the condition operates to bar recovery similarly to a statute of limitations; likewise, the mandate of the second paragraph of section 5408 functions as a tolling statute much in the same manner as tolling statutes operate in connection with statutes of limitation. For example, if Paul Roblyer had died more than 240 weeks after his injury, but during petitioner's minority, even respondents would concede that petitioner would have been entitled to a death benefit. Thus, in asserting that the 240-week limitation of section 5406 is tolled only if the injured worker's death occurs during his dependent's minority, respondents are reading a qualification in the last paragraph of section 5408 that is not there.

Furthermore, respondents' interpretation of section 5408 is not consonant with section 3202 which provides that the workers' compensation law must be liberally construed in favor of coverage. It is undisputed that on the date of injury, November 14, 1968, petitioner was a dependent of Paul Roblyer. It also is undisputed that dependency is determined as of the date of the injury. (Lab. Code, §§ 3501, 3502; *Granell* v. *Industrial Acc. Com.* (1944) 25 Cal.2d 209, 212, 214 [153 P.2d 358]; *City etc. of S.F.* v. *Workmen's Comp. App. Bd., supra,* 269 Cal.App.2d 382, 390.) Thus, respondents' contention that a death benefit is payable to the dependent of an injured worker, who dies more than 240 weeks after his injury, only if death occurs during the dependent's minority and only if the proceedings to collect the death benefit are instituted before the dependent attains majority, allows for a construction that could often result in a right being lost before it accrues. It is

firmly settled that such a construction of any provision of the workers' compensation law must be avoided unless the construction is compelled by the language of the statute. (*Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 56, 65 [84 Cal.Rptr. 140, 465 P.2d 28]; *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236]; *Colonial Ins. Co.* v. *Ind. Acc. Com.* (1945) 27 Cal.2d 437, 439-440 [164 P.2d 490].)

What respondents really seem to be arguing is that section 5408 should not be construed so as to make it possible for a person who is a dependent minor when the parent is injured to later recover a death benefit even though the parent's death occurs after the dependent minor attains the age of majority and possibly at a time when he may no longer be a dependent of the decedent. An essentially similar argument was rejected in *Pacific Employers Ins. Co.* v. *Ind. Acc. Com.* (1947) 81 Cal.App.2d 37 [183 P.2d 344]. In that case, the child of a deceased worker was self-supporting when the father died. Also, at the time of death, the mother, who was legally responsible for the child's support, was self-supporting. Nevertheless, the court held that the child was entitled to a death benefit because he was a dependent of the decedent when the decedent was injured, and dependency is determined as of the time of injury.

The decision of the Workers' Compensation Appeals Board denying petitioner Cheryl A. Roblyer a death benefit is hereby annulled and the cause remanded to that Board for proceedings consistent with the views herein expressed.

Brown (G. A.), P. J., and Franson, J., concurred.

The petition of respondent State Compensation Insurance Fund for a hearing by the Supreme Court was denied December 2, 1976.