[Civ. No. 15987. Third Dist. Oct. 20, 1976.]

KATHLEEN L. FISHER et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, CITRUS
HEIGHTS FIRE PROTECTION DISTRICT et al., Respondents.

**COUNSEL**

Hays & Petersen, Seth J. Kelsey and Richard E. Elder, Jr. for Petitioners.

James J. Vonk, George S. Bjornsen, Arthur Hershenson and Frank Evans for Respondents.

**OPINION**

**FRIEDMAN, J.**—Petitioner Kathleen Fisher is the widow and petitioner Donna Fisher the daughter of Donald Fisher. After the Workers' Compensation Appeals Board denied their claim for death benefits, we issued a writ of review.

The appeals board's denial was based upon the last paragraph of Labor Code section 5406, that paragraph being italicized in the following excerpt: "The period within which may be commenced proceedings for

the collection of the benefit provided by Article 4 of Chapter 2 of Part 2 of this division is one year from:

".. . . . . . .. . . . . . . . . . . . .

"(c) The date of death, where death occurs more than one year after the date of injury and compensation benefits have been furnished. . . . ¶ *No such proceedings may be commenced more than one year after the date of death, nor more than 240 weeks from the date of injury.*" (Italics added.)

Mr. Fisher had suffered a work-connected, disabling heart attack on December 5, 1969. The employer's compensation carrier voluntarily paid disability benefits until July 20, 1974, when Mr. Fisher's work-connected heart condition resulted in his death. Time elapsed from the heart attack to the date of death was 240 weeks and 1 day. Petitioners filed their application for death benefits on December 2, 1974. The appeals board believed that section 5406 barred any death claim asserted more than 240 weeks after the injury, that is, after the disabling heart attack.[1] The board concluded that the last paragraph of section 5406 made no exception arising from a case where the death benefit claim did not arise until 240 weeks had elapsed. At this point the board believed itself bound by *Ruiz* v. *Industrial Acc. Com.,* 45 Cal.2d 409 [289 P.2d 229].

In *Ruiz* the employee had been permanently disabled by silicosis and died from it 250 weeks after the disability commenced. His widow sought death benefits. The court held that the last paragraph of section 5406 barred any death claim after one year from death and likewise barred any claim after 240 weeks from the injury; that, concededly, the 240-week limitation barred the widow's death claim before the claim ever arose; that the statute was plain and permitted no interpretation.

In this case the appeals board correctly applied section 5406 and the rule of *Ruiz* v. *Industrial Acc. Com.* to bar the widow's claim.

■ Donna, the daughter, invokes section 5408, which suspends the time limitations of the Workers' Compensation Act during the minority

---

[1]The parties correctly assume that the "date of injury" caused by a disabling disease occurs upon discovery that a compensable disability was sustained in the course of employment, thus that the 240-week limitation commenced when Mr. Fisher suffered his heart attack. (Lab. Code, § 5412; *Marsh* v. *Industrial Accident Com.,* 217 Cal. 338, 351-352 [18 P.2d 933].)

of a claimant who has no guardian.[2] Donna was born July 18, 1951. On the date of her father's disabling heart attack, December 5, 1969, she was 18 years old. She reached her 21st birthday on July 18, 1972. At the time of her father's death she had reached the age of 23. According to uncontradicted evidence, she had a crippled leg resulting from infantile paralysis, had never been employed, was living in her father's home when he died and depended upon him for support.

The appeals board found that Donna was not "legally incompetent" at the time of her father's death. It made no finding on the score of Donna's dependency because it believed that section 5408 did not suspend the 240-week period during Donna's minority. In effect, the board concluded that Donna had no claim for death benefits during her minority because her father was alive at that time, thus that no claim could be tolled or suspended by section 5408.

In our view the board confined section 5408 too narrowly. The second paragraph of that statute (fn. 2, *ante*) declared in unequivocal terms that *no limitation of time provided by this division* (i.e., by the Workers' Compensation Act) shall run against the minor unless and until a guardian or trustee is appointed. Among the limitations of time provided by the Workers' Compensation Act is the 240-week limitation in the last paragraph of section 5406. No express or implied statutory condition exempts that particular limitation from the declaration of section 5408 that none of the limitations shall run against minors.

Conventional wisdom supports the appeals board's view that a statute of limitations springs into action only upon a claim's accrual, thus, that the applicant's minority before accrual cannot suspend the time progression. Nevertheless, the board's refusal to give Donna the benefit of the

---

[2]In 1969, when Mr. Fisher suffered his disabling heart attack, section 5408 provided: "If an injured employee or, in the case of his death, any of his dependents, is under 21 years of age or incompetent at any time when any right or privilege accrues to such employee or dependent under this division, a general guardian, appointed by the court, or a guardian ad litem or trustee appointed by the appeals board may, on behalf of the employee or dependent, claim and exercise any right or privilege with the same force and effect as if no disability existed.

"No limitation of time provided by this division shall run against any person under 21 years of age or any incompetent unless and until a guardian or trustee is appointed. The appeals board may determine the fact of the minority or incompetency of any injured employee and may appoint a trustee to receive and disburse compensation payments for the benefit of such minor or incompetent and his family."

Effective March 4, 1972, section 5408 was amended to substitute the figure "18" for "21." (Stats. 1971, ch. 1748.)

minority-tolling provision conflicts with the theoretical underpinning of section 5406 as explicated in *Ruiz, supra.* There the court observed that the 240-week limitation is not a "normal" statute of limitations; rather, it is "in the nature of a qualifying condition in the exercise of any right to death benefits." (45 Cal.2d at p. 414.) As a condition of Donna's inchoate right to death benefits if and when her father died, the 240-week limitation operated as a potential barrier to assertion of that right. It progressed to her detriment even though she had as yet no claim. Although not a conventional statute of limitations, it was a time limitation imposed by the Workers' Compensation Act and thus vulnerable to the unconditional command of section 5408.

We have not overlooked the clause of section 5408 making it operative only until a guardian or trustee is appointed. That clause assumes a suspension of limitations only after claims actually accrue and after a worker's compensation proceeding can be filed. Section 5408 focuses primarily on the disability claims of minor employees; it protects these employees from statutes of limitation until an adult guardian or trustee is available. By sheer force of its terms, it also encompasses the potential death benefit claims of minor dependents and the 240-week limitation which conditions their rights to death benefits. Until her father's death Donna had only a potential claim; consequently there was no occasion for appointing a guardian or trustee. Limitation provisions in the Workers' Compensation Act must be liberally construed in favor of the claimant, if possible. (*Fruehauf Corp.* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236].) On the assumption that there is any uncertainty in the dual operation of sections 5406 and 5408, the uncertainty must be resolved in Donna's favor.

In refusing to recognize suspension of the 240-week limitation during Donna's minority, the appeals board overlooked its own decision in *Flores* v. *State Compensation Ins. Fund* (see *State Compensation Ins. Fund* v. *Industrial Acc. Com.,* 25 Cal. Comp. Cases 214) as well as this court's decision in *Glavich* v. *Industrial Acc. Com.,* 44 Cal.App.2d 517 [112 P.2d 774]. In both these cases death benefits were awarded to minor children because their minority *preceding their father's death* tolled the period of limitations. That the claimants in those cases remained minors at the time of death is not a distinguishing factor; the question was whether a period of limitations operating in a contingent fashion against an unaccrued claim could be suspended by reason of the party's minority; in both cases the tribunal voiced an affirmative response. The *Glavich* decision was disapproved in *Bianco* v. *Ind. Acc. Com.,* 24 Cal.2d

584, 591 [150 P.2d 806], in another respect; nevertheless, it stands as authority for giving a minor child the benefit of section 5408 during the period preceding the father's death.

Donna was 18 years old when her father was injured. At that time persons under 21 were entitled to the benefit of section 5408. That section suspended the 240-week limitation at least until March 4, 1972, the effective date of the amendment restricting section 5408 to persons under 18. (See fn. 2, *ante*) Donna being 20 years of age on the latter date, we assume that the suspension terminated. On that assumption, the 240-week limitation commenced on March 4, 1972, to operate upon Donna's potential right to death benefits. She instituted her application for death benefits on December 2, 1974, less than one year after her father's death and less than 240 weeks after the 240-week limitation became operative as to her. Her claim was therefore timely.

The denial of Kathleen Fisher's application is affirmed. The Workers' Compensation Appeals Board is directed to vacate that portion of its order denying Donna Fisher's claim to death benefits and to reconsider her application in the light of this opinion.

Puglia, P. J., and Reynoso, J., concurred.

The petition of respondent State Compensation Insurance Fund for a hearing by the Supreme Court was denied December 16, 1976.