[Civ. No. 67003. Second Dist., Div. Four. June 20, 1983.]

VERA BERKEBILE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
JOHNS-MANVILLE SALES CORPORATION, Respondents.

COUNSEL

Steven Kazan and Victoria L. Edises for Petitioner.

Fitzpatrick, Dorrance & Barbieri and John M. Dorrance for Respondents.

OPINION

**WOODS, P. J.**—Petitioner, Vera Berkebile, seeks review of the findings and annulment of an order determining that her claim for workers' compensation death benefits arising out of the death of Earl Berkebile was barred by the statute of limitations. As we shall explain, petitioner is entitled to relief.

Decedent, Earl Berkebile, the husband of petitioner and applicant, Vera Berkebile, was employed by the self-insured respondent Johns-Manville

Sales Corporation, formerly Johns-Manville Products Corporation, from July 13, 1934 to September 30, 1942. Decedent, Earl Berkebile, filed an application for adjudication of claim on June 9, 1980, alleging an injury to his lungs and respiratory system from exposure to asbestos and diatomaceous earth arising out of and occurring in the course of his employment as a laborer with Johns-Manville Corporation from July 13, 1934 to September 30, 1942 (case No. OAK 089778). Earl Berkebile died on October 7, 1980. Thereafter, Vera Berkebile filed an application for workers' compensation death benefits on November 13, 1980 (case No. OAK 092588).

Johns-Manville denied liability for both claims on the ground that both claims were barred by the statute of limitations. The matters were consolidated for trial. The parties stipulated that the decedent's death on October 7, 1980, was the proximate result of an injury which arose out of and occurred in the course of his employment, but that exposure to asbestos was not the cause of death.

The applicant testified that she was advised that she had a right to workers' compensation benefits by her son in 1980.

The decedent began receiving treatment from a pulmonary specialist, Dr. Haberman, when hospitalized for pulmonary problems in 1974. The decedent told applicant that Dr. Haberman had advised him to seek the advice of an attorney and the applicant sought out an attorney in 1979 or 1980. The attorney responded that he did not want to take the case because of the statute of limitations.

Paul Haberman, M.D., a specialist in pulmonary medicine, testified that because decedent had given a history of exposure to silica and working with diatomaceous earth, Dr. Haberman "suspected" that he discussed the relationship between decedent's silicosis and employment with decedent. Dr. Haberman believed that when he saw the decedent on May 10, 1979, he suggested to decedent that the decedent consult an attorney since decedent had not received any workers' compensation for his illness. A few months later, in August 1979, decedent told Dr. Haberman that he had spoken to the lawyer, who indicated "nothing could be done."

Dr. Haberman never filed a first report of injury stating that decedent was suffering from an industrial disease. Dr. Haberman did not know if the decedent understood Dr. Haberman's 1974 discussion of the industrial relationship to his disease. Dr. Haberman thought that the decedent "certainly understood" the May 1979 advice that the decedent seek legal advice regarding his potential workers' compensation claim.

The workers' compensation judge made the following findings:

"Decedent and applicant, Vera Berkebile, had actual knowledge on or before May 10, 1979 that decedent had sustained an injury to his lungs from exposure to diatomaceous earth during employment by the defendant employer and that they had a right to claim workers' compensation benefits because of that injury on or before a date more than one year prior to the time that the application was first filed herein on June 10, 1980.

"Neither decedent nor applicant, Vera Berkebile, relied upon any action on the part of the defendant employer or any inaction on the part of the defendant employer in failing to file their respective claims within one year after both decedent and applicant Vera Berkebile had actual knowledge of the injury having been caused by decedent's work for the defendant employer and their right to seek workers' compensation benefits because of the injury.

"The date of injury for applying the statute of limitations imposed by Labor Code Section 5406 is September 10, 1974, on which date decedent was disabled from the injury sustained at work and on which date the then treating physician, Dr. Haberman, informed decedent that decedent had an injury caused by his work. The claim for death benefits was not filed within 240 weeks from the date of injury that occurred on September 10, 1974. The claim for death benefits is therefore barred by the statute of limitations imposed by Labor Code Section 5406."

I

"Limitations provisions in the workmen's compensation law must be liberally construed in favor of the employee unless otherwise compelled by the language of the statute, and such enactments should not be interpreted in a manner which will result in a right being lost before it accrues. [Citations.]" (*Fruehauf Corp.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236].)

Labor Code section 5406 provides in relevant part: "[T]he period within which may be commenced proceedings for the collection of [worker's compensation death benefits] is one year from: (a) The date of death where death occurs within one year from date of injury;[1] . . . [¶] No such pro-

---

[1]The "date of injury" for occupational disease cases is defined by Labor Code section 5412 as "that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment."

ceedings may be commenced more than one year after the date of death, nor more than 240 weeks from the date of injury."

■ It is well settled that a dependent's right to the statutory death benefits is not derived from the rights of the deceased employee. The dependent's right is " 'independent and severable from the employee's claim for disability compensation.' " (*Zenith Insurance Co.* v. *Workers' Comp. Appeals Bd.* (*Thweatt*) (1981) 124 Cal.App.3d 176, 187 [176 Cal.Rptr. 920], quoting from *Bianco* v. *Ind. Acc. Comm.* (1944) 24 Cal.2d 584, 589-590 [150 P.2d 806].)

In *Arndt* v. *Workers' Comp. Appeals Bd.* (1976) 56 Cal.App.3d 139, 149 [128 Cal.Rptr. 250], the court held that "Labor Code section 5406, subdivision (a), is to be construed as requiring that a dependent's compensation claim, arising out of a worker's death from an industrially caused disease, must be commenced within one year from the 'date of death,' or the date that the applicant [surviving dependent] knew, or in the exercise of reasonable diligence should have known, that the death was of industrial causation," if the dependent did not discover the industrial nature of the death within one year of the date of death.

In reaching its holding, the court in *Arndt* stated:

"It must be presumed in enacting Labor Code section 5406's 'within . . . one year from . . . the date of death' provision, the Legislature intended a reasonable statutory purpose and not one which, in the language of *Fruehauf,* would result in a 'right being lost' before it was reasonably known to have accrued. It is the duty of a court to interpret statutes so as to make them reasonable (*Regents of University of California* v. *Superior Court* (1970) 3 Cal.3d 529, 537 [91 Cal.Rptr. 57, 476 P.2d 457]); and where ' "two constructions are possible and interpretation becomes necessary, the court will follow the rule of finding that construction which leads to the more reasonable result" ' (*Hidden Valley Municipal Water Dist.* v. *Calleguas Municipal Water Dist.* (1961) 197 Cal.App.2d 411, 419 [17 Cal.Rptr. 416]).

"As has by now been made clear, both Labor Code section 5406, and the earlier statutes of limitations of *Marsh,* required filing of death benefit claims within 'one year from . . . the date of death' and, within '240 weeks from the date of injury.' " (*Arndt* v. *Workers' Comp. Appeals Bd., supra,* 56 Cal.App.3d at p. 146.)

■ Based on *Fruehauf* and *Arndt,* we conclude that the workers' compensation judge and board erred herein. The workers' compensation judge

determined here that pursuant to Labor Code section 5412, the "date of injury" for purposes of the death claim was the date that the decedent knew or in the exercise of reasonable diligence should have known that his disability was caused by his employment, and that Dr. Haberman's testimony established that he advised the decedent that his pulmonary problems were related to his employment no later than September 1974. In that the applicant's rights to workers' compensation death benefits are independent and severable from the decedent's *inter vivos* rights, a determination as to the decedent's knowledge of the industrial origin of his disability is not dispositive of the statute of limitations issue. The date of the applicant's knowledge of the industrial nature of the decedent's condition is the pertinent "date of injury" for purposes of the death claim.

The workers' compensation judge also erred in making a finding that the applicant knew that the decedent's condition was industrial on or before May 10, 1979. The only evidence presented relating to the date of applicant's knowledge that her husband's condition was industrial consisted of applicant's testimony that at the decedent's request she called an attorney some time in 1979 or 1980, and Dr. Haberman's testimony that on May 10, 1979, he suggested to decedent that he seek legal advice and the decedent told the doctor that "nothing could be done" when the doctor next examined him in August 1979. The evidence thus establishes that applicant's first knowledge of the industrial nature of her husband's disability was August 1979.

Pursuant to *Fruehauf* and *Arndt* we hold that the applicant's filing of her claim within 1 year of the date of death and within 240 weeks of August 1979, the date of her knowledge of the industrial nature of decedent's fatal illness, was timely.

For the foregoing reasons, we annul the workers' compensation judge's findings and order and the board's order denying reconsideration, and remand the matter to the board for further proceedings consistent with the views expressed herein.

McClosky, J., and Ackerman, J.,* concurred.

A petition for a rehearing was denied July 6, 1983, and the petition of respondent Johns-Manville Sales Corporation for a hearing by the Supreme Court was denied August 17, 1983.

---

*Assigned by the Chairperson of the Judicial Council.