[No. S027681. July 12, 1993.]

MARTIN MASSEY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, STEELE &
THOMPSON et al., Respondents.

■■■■■■■■■■■■■■■

## COUNSEL

Warren W. Greene for Petitioner.

Krimen, Hershenson, Klein, Da Silva & Daneri, Krimen, Klein, Da Silva, Daneri & Bloom and Don E. Clark for Respondents.

## OPINION

**BAXTER, J.**—In this case, we consider the conditions under which certain time limits on commencing proceedings for workers' compensation death benefits are suspended in favor of dependent minors by section 5408 of the Labor Code. (All statutory references are to that code unless otherwise indicated.)

Section 4700 et seq. provides for payment of death benefits to persons dependent for support upon an employee who dies as a result of industrial injury. Dependency is generally determined as of the time of injury. (§§ 3501, 3502.) ■ Section 5406 provides that no proceeding to collect such benefits "may be commenced more than one year after the date of death, nor more than 240 weeks from the date of injury." It is settled that under that provision, no claim can ever accrue to an *adult* dependent for benefits from an industrially caused death that occurs more than 240 weeks after the date of injury. (*Ruiz* v. *Industrial Acc. Com.* (1955) 45 Cal.2d 409 [289 P.2d 229].)

Section 5408 provides that "[n]o limitation of time provided by this division shall run against any person under 18 years of age or any incompetent unless and until a guardian or conservator of the estate or trustee is appointed." The question presented is whether section 5408 tolls the running of section 5406's 240-week period after injury and *before death* (i.e., before accrual of any death benefit claim), so as to enable minor or incompetent dependents to collect death benefits that are beyond the reach of a competent adult dependent, such as a surviving spouse. As will be made clear, section 5408 tolls only the portion of the 240-week period that remains unexpired at the time of death.

## FACTS

Tommy G. Thompson, while employed as an attorney at Steele & Thompson, suffered cumulative injuries resulting in a heart attack on October 19, 1979. ██ ██ After receiving workers' compensation benefits for temporary and permanent disability, he died during heart surgery on October 28, 1987, 417 weeks after the date of injury.[1] On April 21, 1988, the decedent's widow, Paulette Thompson, applied for death benefits on behalf of herself, her son, Martin Massey (Massey), who was born on December 15, 1967, and her two older daughters, born in January 1963 and July 1964, respectively. Massey and his two sisters were all alleged to be the dependent stepchildren of the decedent.

In a memorandum of points and authorities to the workers' compensation judge (WCJ), applicants' counsel admitted that Mrs. Thompson's claim was barred because the 240-week period subsequent to injury, within which section 5406 requires that death benefits be applied for, had expired at the end of May 1984, long before the application was filed. Counsel contended that the running of the 240-week period against Massey's sisters was tolled by section 5408 until they turned 18, but even on that theory conceded their claims were barred, in that the period expired in September 1985 and February 1987, respectively. As to Massey himself, however, counsel argued that the 240-week period was tolled until Massey's 18th birthday, on December 15, 1985, and that therefore his April 1988 application for death benefits was timely, having been filed less than 240 weeks after he turned 18 and less than one year after Thompson's death. The WCJ agreed with that argument and awarded death benefits to Massey only.

On petition for reconsideration, filed by the employer's insurer, State Compensation Insurance Fund, the WCJ's award was vacated by the Workers' Compensation Appeals Board (WCAB). The Court of Appeal, with one justice dissenting, affirmed the WCAB's decision on the ground that once Thompson survived the date of injury by 240 weeks, none of his dependents, minor or otherwise, could claim death benefits, and so "there was no statute of limitations to toll." The dissenting justice, however, viewed the 240-week period prescribed by section 5406 as a "limitation of time" tolled, for minors, by section 5408.

---

[1] Thompson's date of injury was the initial date of his disability, i.e., October 19, 1979. Section 5412 provides: "The date of injury in cases of occupational diseases or cumulative injuries is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment." For purposes of *death* benefit claims, the date of injury may depend on the *claimant's* knowledge of the industrial nature of the injury causing death. (*Berkebile* v. *Workers' Comp. Appeals Bd.* (1983) 144 Cal.App.3d 940, 945 [193 Cal.Rptr. 12].)

As the dissenting opinion pointed out, the majority's holding is contrary to decisions by two other Courts of Appeal in *Fisher* v. *Workers' Comp. Appeals Bd.* (1976) 62 Cal.App.3d 924 [133 Cal.Rptr. 471] (*Fisher*) and *Roblyer* v. *Workers' Comp. Appeals Bd.* (1976) 62 Cal.App.3d 574 [133 Cal.Rptr. 246] (*Roblyer*). We granted review to resolve that conflict and, for the reasons stated herein, conclude that the Court of Appeal's decision denying benefits to Massey should be affirmed.

### TIME LIMITATION FROM DATE OF INJURY (§ 5406)

We first examine the scope of the time limitation from which Massey claims protection, i.e., that no proceeding to collect death benefits "may be commenced . . . more than 240 weeks from the date of injury" (§ 5406).[2] As enacted in the original Labor Code (Stats. 1937, ch. 90, p. 295), section 5406 provided in relevant part that death benefit proceedings could be commenced within "(a) One year from the date of death, and in any event within—[¶] (1) Two years from the date of injury, except as otherwise provided in this section. [¶] (2) 240 weeks from the date of injury, where the injury causing death also caused disability which continued to the date of death and for which a disability payment has been made, or agreed to be made, or [timely] proceedings for its collection had been instituted. . . ."

This original version of section 5406 was construed in *Bianco* v. *Ind. Acc. Com.* (1944) 24 Cal.2d 584 [150 P.2d 806]. There, the employee suffered the "injury" (silicosis) in April 1939 and died in June 1941. The dependent filed her claim for death benefits in December 1941 (two years and eight months after the injury), and the 240-week period (former § 5406, subd. (a)(2)) was factually inapplicable. The claim was held to be timely on the ground that the statute allowed the claim to be filed *either* within one year of death *or* within two years from the date of injury. The court explained that a contrary interpretation would result in cutting off the dependent's death benefit rights before they accrued (since death was more than two years after the injury) and thus would disregard the statutory principle of liberal construction in favor of the worker (§ 3202). A contrary holding in *Glavich* v. *Industrial Acc. Com.* (1941) 44 Cal.App.2d 517 [112 P.2d 774] was disapproved. This

---

[2]Section 5406 provides: "Except as provided in Section 5406.5 [pertaining to death from asbestosis], the period within which may be commenced proceedings for the collection of the benefits provided by Article 4 (commencing with Section 4700) of Chapter 2 of Part 2 is one year from: [¶] (a) The date of death where death occurs within one year from date of injury; or [¶] (b) The date of last furnishing any benefits under Chapter 2 (commencing with Section 4550), of Part 2, where death occurs more than one year from the date of injury; or [¶] (c) The date of death, where death occurs more than one year after the date of injury and compensation benefits have been furnished. [¶] No such proceedings may be commenced more than one year after the date of death, nor more than 240 weeks from the date of injury."

court recognized, however, that its "construction of section 5406 [might be] fraught with some dangers in respect to fraudulent and stale claims made by dependents long after the injury which ultimately causes death has occurred. If such should be the result, we believe that this is a matter for the Legislature . . . ." (24 Cal.2d at p. 591.)

In apparent response to *Bianco*, the Legislature amended section 5406, revising the permissible periods for commencing death benefit proceedings and adding the provision with which we are now concerned, that "[n]o such proceedings may be commenced more than one year after the date of death, *nor* more than 240 weeks from the date of injury." (Stats. 1947, ch. 1034, § 4, p. 2307, italics added.)[3] This court subsequently held in *Ruiz* v. *Industrial Acc. Com.*, *supra*, 45 Cal.2d 409, that under the amended section 5406, a death benefit proceeding is untimely unless commenced within one year after the date of death *and* within 240 weeks from the date of injury. This holding was based both on the literal meaning of the conjunction "nor" and on the history of the amendment as a response to the *Bianco* decision. "Significantly, no change was made in the statute in its 1937 form following its application in the Glavich case in 1941, and it was only after a contrary construction was placed upon it in the Bianco case in 1944 that the statute was amended." (*Ruiz*, *supra*, 45 Cal.2d at pp. 412-413.)

In *Ruiz*, the employee died 253 weeks after the date of injury, and his widow filed for death benefits five weeks after that. This court noted that in contrast to the usual statute of limitations, which commences to run when the cause of action accrues, section 5406's 240-week limitation may expire before death, and thus before any death benefit can be claimed. The court further pointed out, however, that this anomaly had been recognized in *Bianco*, and was known to the Legislature when it amended the statute. (45 Cal.2d at pp. 413-414; see *Johnson* v. *Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 964, 972 [88 Cal.Rptr. 202, 471 P.2d 1002].) ■ "Accordingly, the time limitation appears to be not a normal statute of limitations, but rather to be more in the nature of a qualifying condition in the exercise of any right to death benefits. Diligence in the presentation of the claim, so as not to be guilty of sleeping on one's rights, apparently has no bearing if the specified time provisos are not satisfied." (45 Cal.2d at p. 414.)

The last-quoted statement of *Ruiz* necessarily pertains only to the portion of the 240-week period that precedes death, since any unexpired part of the period subsequent to death *would* relate to "sleeping on one's rights"

---

[3]The 1947 amendment enacted section 5406 in its present form, as set forth in footnote 2, *ante*, except that the present section's subdivision (c), and the initial exclusion of asbestosis claims, were added by amendments in 1959, 1961, and 1980.

to assert death benefit claims. The 240-week period appears to reflect a legislative judgment that allowing a longer interval between injury and death would create unacceptable difficulties in proving industrial causation, as evidence grows stale and the possibilities of intervening causes increase. (See *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (1985) 39 Cal.3d 57, 62 [216 Cal.Rptr. 115, 702 P.2d 197]; *Antonucci* v. *W.C.A.B. (U.S. Steel)* (1990) 133 Pa. Commw. 273 [576 A.2d 401, 405] [300-week limitation between injury and death satisfies federal substantive due process even though parties stipulated to industrial causation].)

## TOLLING PROVISION (§ 5408)

 Massey contends that because he was under 18 at the time of Thompson's injury, section 5408 protected him until his 18th birthday against section 5406's requirement that a claim for death benefits be filed within 240 weeks after the date of injury. Accordingly, he asserts, his claim for such benefits was timely because it was filed less than 240 weeks after his 18th birthday, as well as within 1 year of Thompson's death. For this contention, he relies on *Fisher, supra,* 62 Cal.App.3d 924, and *Roblyer, supra,* 62 Cal.App.3d 574. In those decisions, both filed in October 1976, separate Courts of Appeal held that the "limitation of time," from which section 5408 protects minors, must be read "[b]y sheer force of its terms" (62 Cal.App.3d at p. 928; cf. *id.* at p. 579) to encompass the entire 240-week period following the date of injury, even though no death benefit claim could accrue to a minor or anyone else until the date of death. Those decisions, however, give insufficient weight to the legislative purpose of section 5408, as confirmed by its history and context.

Section 5408's tolling provision states: "No limitation of time provided by this division [§§ 3200-6002] shall run against any person under 18 years of age or any incompetent unless and until a guardian or conservator of the estate or trustee is appointed." In construing that provision, our overriding purpose is to ascertain the legislative intent (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]) and to give the statute a reasonable construction conforming to that intent (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813 [114 Cal.Rptr. 577, 523 P.2d 617]), keeping in mind that "the meaning of the enactment may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible" (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 91 [255 Cal.Rptr. 670, 767 P.2d 1148]).

 Tolling provisions for minors "effectuate a deep and long recognized principle of the common law and of this state: children are to be protected

during their minority from the *destruction* of their rights by the running of the statute of limitations." (*Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 602 [68 Cal.Rptr. 297, 440 P.2d 497], italics added.) "Because a minor does not have the understanding or experience of an adult, and because a minor may not bring an action except through a guardian (Code Civ. Proc., § 372), special safeguards [i.e., tolling provisions] are required to *protect* the minor's right of action." (*Amie* v. *Superior Court* (1979) 99 Cal.App.3d 421, 426 [160 Cal.Rptr. 271], italics added.) ▮ We are persuaded that section 5408's tolling provision has this historic purpose of protecting minors by putting them on an equal footing with competent adult litigants, and was never intended to give minors substantive rights that are not available to any adult.

▮ Even though section 5406's requirement of a 240-week period from the date of injury to the filing of a death benefit claim is literally a "limitation of time" (§ 5408), the passage of time between an industrial injury and the resulting death does not, in our view, cause the period to "run against" (§ 5408) any particular claimant, minor or otherwise. The predeath interval is instead "a qualifying condition in the exercise of *any* right to death benefits" (*Ruiz* v. *Industrial Acc. Com.*, *supra*, 45 Cal.2d 409, 414, italics added). Accordingly, the time elapsed between injury and death simply determines whether any death benefit claim can come into existence. If, upon death, the 240-week period has expired, no claim can arise. But if there then remains an unexpired portion of the 240-week period, that portion begins to "run against" potential claimants and is subject to section 5408's tolling provision.

This interpretation harmonizes section 5408's tolling provision with its other provisions. The tolling provision is immediately preceded by the section's initial sentence, which declares that if an injured employee, or the dependent of a deceased employee, is a minor or incompetent "when any right of privilege *accrues* to such employee or dependent," any right or privilege may be claimed and exercised on the employee's or dependent's behalf by a guardian, conservator, or trustee. (§ 5408, italics added.)[4] The tolling provision itself (in the very next sentence) suspends the running of time limitations against minor or incompetent claimants "unless and until" a guardian, conservator, or trustee is appointed. (*Ibid.*) This context of the

---

[4]The full text of section 5408's first sentence is as follows: "If an injured employee or, in the case of the employee's death, any of the employee's dependents, is under 18 years of age or incompetent at any time when any right or privilege accrues to such employee or dependent under this division, a guardian or conservator of the estate appointed by the court, or a guardian ad litem or trustee appointed by the [WCAB], may, on behalf of the employee or dependent, claim and exercise any right or privilege with the same force and effect as if no disability existed."

tolling provision indicates that it operates only during a period in which tolling can be terminated by appointment of a guardian or other fiduciary, that is, after accrual of a claim has activated the appointment provisions of section 5408's first sentence.

The contrary *Roblyer* and *Fisher* interpretation of section 5408, which allows the 240-week period to be tolled before accrual, may well inflict an arbitrary disadvantage upon a minor for whom a guardian, conservator of the estate, or trustee happens to have been appointed for some extraneous reason before the accrual of any death benefit claim. It is true that in *Dulin* v. *Ind. Acc. Com.* (1944) 65 Cal.App.2d 89, 93-94 [149 P.2d 868], the tolling provision of section 5408 was held to continue in operation, notwithstanding court appointment of a general guardian, until appointment of a guardian ad litem or trustee by the "commission" (now WCAB) itself, pursuant to former section 5307, subdivision (c), now section 5307.5. As of January 1, 1981, however, section 5408 was amended to provide for operation of the tolling provision "unless and until a guardian or *conservator of the estate* or trustee is appointed." (Stats. 1979, ch. 730, § 91, p. 2510, italics added.) We are not aware of any legislation authorizing the WCAB to appoint a conservator. It therefore appears that under the *Roblyer-Fisher* interpretation, a minor's subjection to the running of the 240-week period prior to death would depend on whether he or she happened to have a court-appointed conservator of the estate, even though there would then be no accrued claim on which a conservator could act. The Legislature could not have intended such a whimsical result.

Justice Mosk's dissent expresses concern that since 1976, when *Roblyer, supra*, 62 Cal.App.3d 574, and *Fisher, supra*, 62 Cal.App.3d 924, were decided, "no 'corrective' legislation has been passed to supersede their effect." ▇ But "[l]egislative silence after a court has construed a statute gives rise at most to an arguable inference of acquiescence or passive approval . . . . [S]omething more than mere silence should be required before that acquiescence is elevated into a species of implied legislation such as to bar the court from reexamining its own premises." (*People* v. *Daniels* (1969) 71 Cal.2d 1119, 1127-1128, fn. omitted [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677]; accord, *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 300-301 [250 Cal.Rptr. 116, 758 P.2d 58]; *Cianci* v. *Superior Court* (1985) 40 Cal.3d 903, 923 [221 Cal.Rptr. 575, 710 P.2d 375].) Moreover, as already pointed out, the only amendment to section 5408 since 1976, which provides that tolling terminates upon appointment of a "conservator of the estate" (Stats. 1979, ch. 730, § 91, p. 2510), reflects a presupposition that the tolling provision is operative only when there is an accrued claim on which a conservator could act. That presupposition is, of

course, consistent with our present holding and inconsistent with *Roblyer* and *Fisher*.

■ The workers' compensation legislation preceding the Labor Code, from which section 5408 was derived, explicitly limited applicability of the tolling provision to minors for whom a claim had already accrued. The first clause of the predecessor statute called for appointment of a guardian or trustee to represent a minor or incompetent employee or dependent "at any time when any [workers' compensation] right or privilege accrues to such person. . . ." The second clause (in the same sentence following a semicolon) added: "and no limitation of time provided by this act shall run against any *such* [minor] or incompetent unless and until *such* guardian or trustee is appointed."[5] (Italics added.) The references to "such" minor and "such" guardian unmistakably confined applicability of the tolling provision to minors for whom a claim had already accrued. Section 5408 now separates the two former clauses into two sentences, divided by a paragraph break, and omits use of the adjective "such" that tied the clauses together.

The decisions in *Roblyer, supra,* 62 Cal.App.3d 574, and *Fisher, supra,* 62 Cal.App.3d 924, rely on this syntactical separation for their conclusions that (1) the tolling provision in section 5408's second sentence is wholly independent of the first sentence's provision for appointing a guardian for a minor to whom a claim has already accrued, and, (2) therefore, the tolling provision applies to the entire 240-week period of section 5406. (62 Cal.App.3d at p. 579; *id.* at p. 928.) But that reasoning would arbitrarily entitle a particular minor dependent to death benefits that are completely beyond the reach of any adult dependent (such as a surviving spouse) or any older siblings of the minor who happen to have reached 18 more than 240 weeks before the employee's death. Such a result defeats the legislative purpose of allocating death benefits equitably among all of the employee's dependents. (See § 4703 [formulas for allocation among total and partial dependents]; § 4704 [WCAB's powers to reallocate benefits equitably in accordance with dependents' respective needs]; *Department of Corrections* v.

---

[5]Section 11, subdivision (d), of the Workmen's Compensation, Insurance, and Safety Act of 1917, as amended, provided as follows: "If an injured employee, or in the case of his death, one or more of his dependents, shall be under twenty-one years of age or incompetent at any time when any right or privilege accrues to such person under the provisions of this act, a general guardian, appointed by the court, or a guardian ad litem or trustee appointed by the commission or a commissioner may, on behalf of any such person, claim and exercise any such right or privilege with the same force and effect as if no such disability existed; and no limitation of time provided by this act shall run against any such person under twenty-one years of age or incompetent unless and until such guardian or trustee is appointed." (Stats. 1931, ch. 1121, pp. 2373-2374. Substantially the same provisions had appeared in Stats. 1917, ch. 586, § 11, subd. (d), p. 842; Stats. 1915, ch. 607, § 16, subd. (d), p. 1086; and Stats. 1913, ch. 176, § 16, subd. (d), p. 288.)

*Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 197, 199-201 [152 Cal.Rptr. 345, 589 P.2d 853]; *Granell* v. *Industrial Acc. Com.* (1944) 25 Cal.2d 209, 213-214 [153 P.2d 358].)

In the present case, for example, Thompson's widow's application for death benefits alleged that Massey and his two older sisters, Thompson's stepchildren, were all under 18 at the time of the injury and thus qualified as Thompson's minor dependents under section 3502. At the time of Thompson's death, 8 years after the date of injury, all of the stepchildren had become adults, but because Massey's 18th birthday was only 97 weeks before the death and 122 weeks before the application was filed, the WCJ ruled that Massey alone was eligible for death benefits in the amount that would have been allocated to him if the claims of his mother and sisters had not been barred by the 240-week limitation of section 5406.[6] The consequence of that ruling would have been to give benefits to one claimant, Massey, while excluding others whose actual needs might well be far greater, simply because of the timing of Massey's 18th birthday during a period in which it was not yet known whether or when an industrially caused death would occur.

Accordingly, we interpret section 5408 as a restatement and continuation of its statutory predecessor (fn. 5, *ante*), which explicitly limited applicability of the tolling provision to minors and incompetents whose claims had already accrued. (See § 2.)[7] ██ We are aware of the legislative mandate to construe the workers' compensation statutes liberally "with the purpose of extending their benefits for the protection of persons injured in the course of

---

[6]This form of allocation between an actual dependency benefit and phantom time-barred benefits was prescribed in *City etc. of S. F.* v. *Workmen's Comp. App. Bd.* (1969) 269 Cal.App.2d 382, 393-394 [74 Cal.Rptr. 810]. There, death benefit applications filed more than one year after death and more than 240 weeks after the date of injury, and thus not in compliance with the time limits prescribed by section 5406 (fn. 2, *ante*), were nonetheless held validated by section 5408's tolling provision because the applicants were minors at the time of filing. (*Id.* at pp. 389-390.)

Based on that decision, the respondents in *Roblyer, supra,* 62 Cal.App.3d 574, conceded that the 240-week period would be tolled for a dependent who was still a minor when the claim was filed even if the death had occurred more than 240 weeks after the date of injury, but argued that the claimant there was barred by the 240-week period because she (like Massey) had reached 18 before the date of death. The *Roblyer* court correctly pointed out, however, that minority status when the application is filed is irrelevant because dependency is determined as of the time of injury (see § 3502). (62 Cal.App.3d at pp. 578-581.)

The court in *City etc. of S.F., supra,* 269 Cal.App.2d 382, did not explicitly state, and apparently did not consider relevant to the case before it, whether the 240-week period had run at the time of death. In our view, section 5408 could toll only the portion of the period that had not yet expired at the time of death.

[7]Section 2 provides: "The provisions of this code, in so far as they are substantially the same as existing provisions relating to the same subject matter, shall be construed as restatements and continuations thereof and not as new enactments."

their employment" (§ 3202), but that provision should not be applied to defeat the overall statutory framework or to disregard the legislative intent. (*Nickelsberg* v. *Workers' Comp. Appeals Bd.* (1991) 54 Cal.3d 288, 298 [285 Cal.Rptr. 86, 814 P.2d 1328]; *Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 8 [128 Cal.Rptr. 673, 547 P.2d 449]; *Ruiz* v. *Industrial Acc. Com.*, *supra*, 45 Cal.2d 409, 413.)

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Panelli, J., Kennard, J., Arabian, J., and George, J., concurred.

**MOSK, J.**—I dissent.

I cannot agree with the majority's reasoning. Bearing in mind that the workers' compensation laws are to be liberally construed on behalf of employees (see *post*, p. 687), I agree with the view articulated by dissenting Court of Appeal Justice Yegan when that court issued its decision. I adopt Justice Yegan's opinion and quote it immediately below. My own elisions and substitutions are indicated by brackets.

[. . .] Martin Massey turned 18 on December 15, 1985. During his minority, he was the dependent stepson of decedent Tommy Thompson. Thompson sustained an industrial injury on October 18, 1979, received workers' compensation benefits, and died approximately 417 weeks later on October 28, 1987. Massey applied for workers' compensation death benefits within one year of Thompson's death, i.e., on April 21, 1988.

The Board and the [Court of Appeal] majority conclude that Massey is not entitled to a death benefit. The tolling provisions of Labor Code section 5408 and two Court of Appeal opinions indicate that he is entitled thereto. (*Fisher* v. *Workers' Comp. Appeals Bd.* (1976) 62 Cal.App.3d 924, 928-929 [133 Cal.Rptr. 471]; *Roblyer* v. *Workers' Comp. Appeals Bd.* (1976) 62 Cal.App.3d 574, 579-581 [133 Cal.Rptr. 246].)

I acknowledge a certain appeal to the [Court of Appeal] majority opinion. It seems generous that the Legislature would allow a 21-year-old to receive a death benefit because of his stepfather's 1979 industrial injury. While the mere passage of time is not determinative, it has been over 15 years since the Court of Appeal decided the 2 apposite cases interpreting Labor Code section 5408. Since that time, no "corrective" legislation has been passed to supersede their effect. I presume that during this period, similarly situated dependents have received death benefits based on the same section 5408

tolling principle. The [Court of Appeal] majority [. . .] statutorily construe Labor Code section 5408 in favor of the Board, and hold that *no dependent minor* is entitled to a death benefit if the worker dies more than 240 weeks after the injury.

In construing Labor Code sections 5406 and 5408, it must be emphasized that dependency is determined at the time of the industrial injury, not date of death. (Lab. Code, §§ 3501, 3502; *Granell* v. *Industrial Acc. Com.* (1944) 25 Cal.2d 209, 214 [153 P.2d 358].) Because Massey sought death benefits within one year of his stepfather's death, his application was timely. (Lab. Code, § 5406, subd. (c).) The 240-week period for accrual of death benefits was suspended during Massey's minority by reason of Labor Code section 5408.

"Section 5408 focuses primarily on the disability claims of minor employees; it protects these employees from statutes of limitation until an adult guardian or trustee is available. By sheer force of its terms, it also encompasses the potential death benefit claims of minor dependents and the 240-week limitation which conditions their rights to death benefits." (*Fisher* v. *Workers' Comp. Appeals Bd.*, *supra*, 62 Cal.App.3d at p. 928.)

Nothing in *Ruiz* v. *Industrial Acc. Com.* (1955) 45 Cal.2d 409 [289 P.2d 229] (*Ruiz*) compels a contrary result. There, the court conceded that a widow's claim for a death benefit could be barred before it ever arose if the employee died more than 240 weeks from date of injury. *Ruiz*, however, did not involve a dependent minor or Labor Code section 5408 tolling.

Based on *Ruiz*, the [Court of Appeal] majority conclude that the "qualifying condition" or accrual period which makes a dependent eligible for a death benefit is not tolled [in this case]. Not so.

"Limitations provisions in the [workers'] compensation law must be liberally construed in favor of the employee unless otherwise compelled by the language of the statute, and such enactments should not be interpreted in a manner which will result in a right being lost before it accrues. [Citations.]" (*Fruehauf Corp.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236].) The same rule applies for dependent claimants. (*Arndt* v. *Workers' Comp. Appeals Bd.* (1976) 56 Cal.App.3d 139, 147 [128 Cal.Rptr. 250].)

The second paragraph of section 5408 tolls ". . . *all* limitation periods prescribed by division 4 of the Labor Code, including the 240-week period

mentioned in section 5406 . . . . [. . . .] Where, as here, the Legislature drafts an all-encompassing tolling provision in a remedial area of law, adherence to the "separation of powers" principle of government dictates that the dependent be given the benefit thereof. [End quote from dis. opn. of Yegan, J.]

Every criticism of the Court of Appeal's decision applies to this court's decision as well. Accordingly, for the foregoing reasons, I would reverse the judgment of the Court of Appeal.